# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Wertz v. Oliver Township School District, Appellant.

*School law—High schools—Tuition—Suit by parent—Act of May 23, 1907, P. L. 202—Presumption.*

1. A suit by the father of a pupil against the school district in which he resides to recover money paid for the tuition of the pupil in a high school in an adjoining district, can only be maintained for money which had been paid after the passage of the Act of May 23, 1907, P. L. 202.

2. In such a suit where it appears that the principal of the high school of the adjoining district duly examined the son of the plaintiff for admission to his school, it will be presumed that he does so under the direction of the county superintendent, not only because the acts of a public officer are presumed to have been done in accordance with law, but also because a teacher with a certificate of the county superintendent, is supposed to act under his direction in all things so far as his duties are made subject to the direction of the county superintendent.

Argued March 15, 1910. Appeal, No. 13, March T., 1910, by defendant, from judgment of C. P. Perry Co., Nov. T., 1908, No. 16, for plaintiff on case tried by the court without a jury in suit of H. W. Wertz v. School District of Oliver Township. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

2     WERTZ *v.* SCHOOL DISTRICT, Appellant.

Statement of Facts—Opinion of the Court.    [43 Pa. Superior Ct.

Case tried by the court without a jury.  Before SHULL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the judgment of the court in entering judgment for plaintiff for $17.85.

*Luke Baker*, for appellant.

*James M. Barnett*, of *Barnett & Son*, for appellee.

OPINION BY BEAVER, J., April 18, 1910:

The plaintiff was allowed to recover in the court below, in which the case was tried without a jury, the sum of $17.85, amount of tuition paid by him to the school district of the borough of Newport for tuition for his son for the years 1907–1908.  His claim was for the sum of $75.09 for the years 1905–1906, 1906–1907 and 1907–1908.  The court's second conclusion of law, however, was "That plaintiff is not entitled to recover in this action the moneys paid for the years 1905–1906 or 1906–7."  The appeal is by the defendant township, which claims that the court should have found that the plaintiff was not entitled to recover any portion of the amount paid by him to the school district of the borough of Newport for the tuition of his son.

We held in Hughesville Borough School District v. Wolf Twp., 40 Pa. Superior Ct. 311, that, under the Act of March 16, 1905, P. L. 40, the school district maintaining a high school, in which were pupils from an adjoining district which maintained no high school, was entitled to recover for tuition so furnished.  The act of 1905 has been amended by the Act of May 23, 1907, P. L. 202, in which it is provided: "It shall be the duty of the district in which said children reside to pay the cost of tuition and school books; and, upon their failure to do so, the same may be paid by the parent of such children, and by him collected as debts of like amount are now collectible by law."

In this case the father paid for the tuition of his son for

several years, the court allowing recovery only for one year for the reasons set forth in its findings of fact and conclusions of law. The suit here being by the father of the pupil against the school district in which he resided for money paid, laid out and expended by him for the tuition of his son in the district adjoining that in which he lived, in which a high school is maintained, it is doubtless true that no recovery could be had before the passage of the enabling act of May 23, 1907.

The appeal is based upon strictly technical objections, in none of which do we recognize any special merit and to which no greater effect is required to be given than is absolutely necessary to carry into effect the provisions of our common school system (so-called) which is maintained under the first section of the tenth article of the constitution, which provides that "The general assembly shall provide for the maintenance and support of a thorough and efficient system of public schools, wherein all the children of this commonwealth above the age of six years may be educated." Before the adoption of the constitution of which this is a part, the commonwealth of Pennsylvania maintained what was supposed to be a system of public instruction which was in force at the time of the adoption of the constitution, under the one which was then in force, the basis of it being for the most part the Act of May 8, 1854, P. L. 617.

Among the court's findings of fact, were: "First. Plaintiff is a citizen and resident of Oliver township, Perry county, Pa. Said township comprises a school district in which there is no public high school maintained. It adjoins the borough of Newport, in which said borough and school district there has been maintained a high school that is 'located nearest and most convenient to the home' of plaintiff.

"Third. In the year 1905–6, the curriculum of the High School comprised Mental and Written Arithmetic, Algebra, U. S. History, Civil Government, Political and Physical Geography, Spelling and English Grammar, Physics, Plane Geometry, Rhetoric, Eng. and Am. Literature, Latin Grammar and Cæsar's Latin Gallic War, and in 1907 were added

Solid Geometry, English History, Botany and Zoölogy, which course was in 1907 submitted to the State Superintendent of Public Instruction, and by him approved. According to the provision of the act in such case provided, the special appropriation for the year 1907–1908 was allowed and paid to the Newport Borough School District by the State Treasurer.

"Seventh. The pupil, a son of plaintiff, prior to his admission, was examined by the principal, but it does not appear that such examination was 'together with or under the direction the County Superintendent.' Nor was there a high school within the meaning of the act, maintained in said borough prior to 1907."

The act referred to in the seventh finding of fact doubtless is the Act of June 28, 1895, P. L. 413.

We held in Hughesville v. Wolf Twp., 40 Pa. Superior Ct. 311, that "Apart from the acts of May 26, 1893, P. L. 146, and June 28, 1895, P. L. 413, a school district has the right to establish a high school under the powers conferred upon it by the General School Law of May 8, 1854, P. L. 617, which provides that 'the directors and controllers of the respective districts shall have power to establish schools of different grades, and to determine into which school each pupil shall be admitted,'" and that "High schools created under this act are high schools within the meaning of the Act of March 16, 1905, P. L. 40, which provides that 'children residing in school districts in which no public high school is maintained may attend a high school in some other district located near their homes,' with the consent of the directors of such district and payment of cost of tuition."

The court, however, having found specifically that the tuition for which the plaintiff was allowed to recover was only that given after the high school provisions of the act of 1895, supra, had been complied with and the course of study had been approved by the state superintendent and the state appropriation had been made to the borough of Newport, in accordance with the provisions of the act, the general question which we had before us in Hughesville v. Wolf Twp., 40 Pa. Superior Ct. 311, does not arise.

The constitution having imposed upon the legislature the duty of maintaining and supporting a thorough and efficient system of public schools, wherein all the children of the commonwealth above the age of six years may be educated, and the legislature having enacted laws looking toward the establishment and maintenance of such a system, and having provided that the children of a township in which no high school is maintained may be educated in an adjoining municipality, in which such a high school is maintained, the legislation relating to that subject ought to be so construed as to give the largest possible effect to the enactments of the legislature looking toward a compliance with the provisions of the constitution. Not only will the legislature be presumed to have done its duty in endeavoring to meet by its enactments the requirements of the constitution, but we are dealing with public officials who are charged with the responsibility of carrying out the enactments of the legislature in such a way as to extend the beneficent scheme of education to which the people of the commonwealth have committed themselves in their fundamental law, and which is to be carried into effect through a system of education provided by legislation, whose chief merit, as recognized by educators in many years, has been its flexibility.

We have not heretofore regarded, nor do we regard the act of 1895, providing for the establishment of public high schools, as limiting the power of the school directors theretofore enjoyed, except as it limits their right to receive a portion of the special appropriation for the maintenance of high schools in the commonwealth. We are dealing, as already intimated, with the acts of public officers—those of the superintendent of public instruction of the commonwealth, of the superintendent of public schools of the county of Perry, of the board of directors of the school district of the borough of Newport. The law presumes, in the absence of the finding of specific facts to the contrary, that they have all done their duty— that the school directors of the borough employed a competent principal, that the superintendent of public schools of the county, in certifying to the qualifications of a teacher

qualified for the position of principal of the high school, did his duty, that the superintendent of public instruction of the commonwealth, in approving a curriculum of the high school of the borough of Newport, did his duty, and that, in appropriating the money of the commonwealth toward the support of such a high school, he also did his duty. We may presume also, without even an appearance of strained construction, that, when the principal of the high school of Newport borough examined the son of the plaintiff for admission to his school, he did so under the direction of the county superintendent. As a matter of fact, a teacher with the certificate of the county superintendent, is supposed to act under his direction in all things, so far as his duties are made subject to the direction of the county superintendent.

It was held in Danville State Hospital v. Bellefonte Borough Overseers, 163 Pa. 175, that "The maxim omnia præsumuntur rite esse acta requires that their acts (those of the overseers in placing an insane pauper in the hospital at Danville) are presumed to be rightly done, without specific proof to that effect;" and, upon this subject Mr. Justice GREEN, who delivered the opinion of the court, quoted from Comth. v. Slifer, 25 Pa. 23: "But the acts of public officers, where the rights of the public require it, should be construed with liberality. There is always a presumption that they are in accordance with the law. The presumption can be repelled only by clear evidence of illegality."

It may be that the individual who paid for the tuition of his child or children in the high school of an adjoining township had not the authority to recover against the school district of the township in which he resided which maintained no high school, prior to the act of 1907, which gives him express authority to recover in his own name.

It is not necessary to consider the assignments of error of the appellant seriatim. They are all overruled.

Judgment affirmed.