# Bensinger, Appellant, *v.* Palo Alto School District.

*School law—High schools—Nonresident pupil—Payment for tuition and school books—Acts of May 23, 1907, P. L. 202, and May 18, 1911, P. L. 309—Statutes—Repeal.*

1. Where a parent residing in one borough has sent his daughter to a high school in another borough, and has paid to the school district of the latter borough a proper sum of money for the tuition and school books for his daughter in the high school, he may recover from the school district of his residence the amount of such payment; and it is immaterial that the daughter may have been originally admitted to the high school prior to the passage of the Act of May 23, 1907, P. L. 202, if there was no contract between the two school districts, or between either of them and the parent, relating to the tuition; and it is also immaterial that the district of the parent's residence was not a party to the admission of the girl into the high school of the other district.

2. The right given by the Act of May 23, 1907, P. L. 202, to a parent to recover from his own school district tuition which he has paid for instruction of his child in a high school in another district, is a right to recover a debt and not a right to recover a penalty, and therefore the debt created by the act of 1907, is not wiped out by anything contained in the School Code of May 18, 1911, P. L. 309, 454.

Argued Dec. 2, 1913.  Appeal, No. 16, Oct. T., 1913, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1912, No. 292, for defendant non obstante veredicto in case of George Bensinger, Sr., v. Palo Alto School District.  Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.  Reversed.

Assumpsit for cost of tuition and school books paid to Pottsville school district.  Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the court directed a verdict for the plaintiff for $119.  Subsequently on motion the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*William Wilhelm,* for appellant.—That a right that has vested under an act of assembly remains even though the act is repealed, is supported by one continuous line of authorities: Williams's App., 72 Pa. 214; Chadwick v. Moore, 8 W. & S. 49; Bronson v. Kinzie, 42 U. S. 311; McCracken v. Hayward, 43 U. S. 608; Fletcher v. Peck, 10 U. S. 87; Hickory Tree Road, 43 Pa. 139; Uwchlan Twp. Road, 30 Pa. 156.

*James B. Reilly,* for appellee, cited: Cascade School Dist. v. Lewis School Dist., 43 Pa. 318; Washington Boro., 26 Pa. Superior Ct. 296; Com. v. Standard Oil Co., 101 Pa. 119.

OPINION BY RICE, P. J., February 20, 1914:

The plaintiff alleged in his statement of claim in this action of assumpsit that he was a resident of the borough of Palo Alto; that no high school was maintained in that school district; that a high school was maintained in the adjoining borough of Pottsville, near his home, by the school district of the latter borough; that he obtained the consent of the directors of the Pottsville district to have his daughter, who was of proper age and qualified to attend a high school, to attend the high school of that district; that the rate fixed by the Pottsville district for tuition and school books was $5.00 per month; that the amount paid by him, at this rate, to the Pottsville district for his daughter, between the beginning of the fall term in 1907 and the end of the school year in June, 1909, was $100; and that the school district of Palo Alto, the defendant, had refused to pay to him the money he had thus paid to the Pottsville district. This action was brought to recover the amount with interest. On the trial of the case, all of the facts alleged as above were agreed to or were established by the evidence, and there was no dispute as to the reasonableness of the charges collected by and paid to the Pottsville district. The plaintiff claimed that an obliga-

tion to repay him the money he had thus advanced was imposed on the defendant district by the Act of May 23, 1907, P. L. 202, which, so far as material here, reads as follows: "That pupils, residing in school districts in which no public high school is maintained, may attend during the entire term a high school in the township or borough school district maintaining such high school, located nearest or most convenient to their homes; provided the consent of the directors of the district in which said high school is located be first obtained. The cost of tuition and school books, which shall not exceed that of the tuition and school books of all pupils, both resident and nonresident, pursuing studies in the same grades or courses in the district maintaining such high school, shall be paid to the district receiving such pupils, out of the moneys raised by taxation for public school purposes in the district in which said pupils reside. It shall be the duty of the district in which said children reside to pay the cost of tuition and school books; and, upon their failure to do so, the same may be paid by the parent of such children and by him collected as debts of like amount are now collectible by law."

One of the defendant's contentions is that the plaintiff is not entitled to claim the benefits of the act of 1907 because his daughter was originally admitted to the Pottsville high school prior to the passage of the act in accordance with the regular rules of the board adopted under the authority given by clause 2, sec. 1, of the Act of May 26, 1893, P. L. 146, which rules allowed nonresident pupils to enter "upon the voluntary payment of the amount fixed for their tuition," provided the schools were not overcrowded and the applicants were prepared by scholarship to enter. The only evidence of the facts upon which this contention is based is contained in a letter of a deceased superintendent, which was admitted in evidence without objection. Waiving all question as to the mode of proof, it is plain that the facts stated in the letter do not warrant the

implication of a contract between the two school districts, or between either of them and the plaintiff, which, as to the tuition and school books furnished after the act of 1907 come into operation, relieved the defendant district from the duty imposed by that act or barred the plaintiff from recovering the amount he advanced for the benefit of that district.

Another contention is that the defendant was not a party to the admission of the plaintiff's daughter into the Pottsville high school, which was conceded on the trial, and it was under no duty to pay the charges of that district for tuition and school books. This would be true if its liability depended on compliance with the provisions of the Act of April 3, 1903, P. L. 153, for that act declared that the attendance of children at the schools of a district other than that of their residence should not begin until after "provision for the same, and its duration, and for the expense of tuition . . . . has been made by the boards of directors of the districts interested, by security as required by existing laws." The decision in Cascade School Dist. v. Lewis School Dist., 43 Pa. 318, which was based on a construction of the general school law of 1849, and the amended school law of 1854 would apply with equal force. But this condition as to prior arrangement between the two school districts was omitted from the act of 1907, and that it was designedly omitted is shown by the substitution of a provision that the consent of the directors of the district in which the high school is located be first obtained. It is to be noticed that the two acts do not relate to identically the same subject-matter. The act of 1903 related to attendance at "public schools of higher grades or courses of study, including high schools, in other districts," while the act of 1907 related exclusively to a smaller class of subjects, namely, to children residing in school districts in which no public high school is maintained attending a high school in some other district. The evident pur-

pose of the legislature was to enable such children to obtain a high school education, and in order to remove possible obstacles in the way of the full effectuation of the purpose, the legislature omitted the provision of the earlier statutes which made the consent of the directors of the district in which they resided an essential prerequisite. In other words, the act of 1907 shows a clear legislative intent to prescribe a complete rule governing the class of cases provided for therein, and, therefore, a repeal of the earlier statute, so far as it related to high schools, is implied.

The defendant's third contention is that the action was barred by the express repeal of the act of 1907 by the Act of May 18, 1911, P. L. 309, 454. To state the proposition in the language of the learned trial judge: "the repeal of the act of 1907 by the school code wiped out the right of this plaintiff to recover. That right was purely statutory and the statute had been repealed before the plaintiff sought to exercise his right." Before adopting this conclusion it will be well to consider the nature of the plaintiff's demand. It has no cast of a penalty, and, therefore, those cases which, out of regard for personal liberty, hold that no judgment can be rendered in a suit for a penalty after the repeal of the act by which it is imposed, do not control the decision of this case. The demand arose out of the payment by the plaintiff of a sum of money which the defendant was under the primary obligation to pay to the Pottsville district, and which, having been paid by the plaintiff, the defendant was under legal obligation to repay to him. It has the distinguishing feature of a debt, technically so called, namely, that it is for a sum certain: Baum v. Tonkin, 110 Pa. 569. And the obligation of the defendant to the plaintiff to discharge it was not only perfect at the time of the passage of the act of 1911, but was as meritorious in law and morals as if the money had been paid to the Pottsville district pursuant to the express request of the defendant, and the

obligation to repay was evidenced by an express contract. The words of the act of 1907, "and by him collected as debts of like amount are now collectible by law," are important, as showing the nature of the obligation of the defendant and the right accruing to the plaintiff by his discharge of that obligation. But it being determined, as we think it must be, that a debt of the school district was created, these words are not absolutely essential to the maintenance of the action. "In its broad sense, debt means duty, or what one owes to another; that which one person owes and is bound to pay to another:" 13 Cyc. of Law & Pro. 398. "A debt is defined by lexicographers to be, 'That which one person is bound to pay to or perform for another:'" Brooke v. Phila., 162 Pa. 123. "A debt, technically so called, may be evidenced by record, by contract under seal, or by simple contract only; its distinguishing feature is, that it is for a sum certain or that may readily be reduced to a certainty, and the action of debt lies for the recovery thereof, eo nomine, without regard to the manner in which the obligation is incurred, or is evidenced:" Baum v. Tonkin, 110 Pa. 569. "Now, a debt means a fixed and certain obligation to pay money or some other valuable thing or things, either in the present or in the future:" Erie's Appeal, 91 Pa. 398. "'The legal acceptation of debt,' says Blackstone (vol. 3, p. 154), 'is a sum of money due by certain and express agreement,' and still a more explicit definition is given in Stroud's Judicial Dictionary (p. 185): 'A liquidated money obligation, for which, generally speaking, an action will lie (Webster v. Webster, 31 Beav. 393), but which obligation may be either legal or equitable:'" Solis v. Blank, 199 Pa. 600. It requires no strain of the principles that have been recognized in these and many other authorities, to hold that the obligation which rested upon the defendant district, by reason of the plaintiff's payment to the Pottsville district, had all the essential features of a debt due to the plaintiff, which in law and good con-

science the defendant was bound to pay. And this is none the less true because the obligation arose out of the plaintiff's doing what the statute authorized him to do and would not have been incurred if the statute had not authorized him to do it. It would be a matter of regret if we were compelled to hold that the indebtedness of a school district, which was incurred, not under the ordinary course of the common law, but under statute, is wiped out by the repeal of the statute, or, what is the same in effect, that the creditor's right to collect it by the usual methods for collection of debts is extinguished. The legislature had no such intention in adopting the school code of 1911. A contrary intention is plainly exhibited by the general scheme of the act and by many of its affirmative provisions. The act declares that a public school system be established in the commonwealth subject to the provisions of the act. Following this declaration, the act makes each city, incorporated town, borough, and township in the commonwealth a separate school district, and divides the several school districts "thus established" into four classes. By sec. 2812, the school system existing at the time of the approval of the act was continued until the same is superseded by the system established in the act. Sec. 120 provides, that from and after the beginning of the first school year following the approval of the act, all public school property then owned or possessed by any school district shall be owned by and vested in the proper school district "established by this act" within which it is situated, "subject to all the trusts, conditions, and liabilities legally applicable thereto," and that "each school district hereby established shall succeed to and shall assume and pay all the rights, liabilities, and indebtedness of the school district or districts, sub-school districts or ward school districts, within its boundaries." And sec. 2218 provides, that "all contracts and obligations of any existing school district shall be assumed by the school district succeeding thereto." Sufficient

reference has been made to the provisions of the act of 1911 to show the distinction between this case and all of the cases cited by the learned judge and by the counsel for the appellee, and to show further, that, by express legislative enactment, the obligation of the defendant, which was perfect, and the right of the plaintiff, which was vested at the time the act went into effect, survived, notwithstanding the repeal of the act of 1907. This conclusion renders it unnecessary to discuss the question, whether, by a mere repeal of the act of 1907, both the defendant's perfect obligation and the plaintiff's vested right would have been extinguished.

The judgment is reversed and the record is remitted with direction to enter judgment for the plaintiff on the verdict.