# Campbell *v.* Wilkins Township et al., Appellants.

*Municipalities—Townships—Indebtedness—Bonds—Limit of indebtedness—Bonds issued without deduction for taxes—Acts of April 28, 1915, P. L. 195, and March 17, 1921, P. L. 36—Constitution, article IX, section 10—Taxation—Debt.*

1. If a township authorizes an issue of bonds and covenants in the bond that it will pay the state tax thereon, it must assess a tax sufficient within thirty years to pay not only the principal and interest of the bonds, but also the amount of the state tax, which it has agreed to pay, to comply with the Acts of April 28, 1915, P. L. 195, and March 17, 1921, P. L. 36.

2. The contract to assume the state tax creates a definite charge against the township, and is a debt within the meaning of the constitutional restriction, article IX, section 10.

3. A premium offered by the purchaser of the bonds cannot be considered in determining whether a sufficient sum had been provided to make repayment where it appears that the total so advanced is not sufficient to make up the deficiency.

4. Nor is the township helped by a transfer temporarily from general township funds of an amount to meet the first interest accruing, where it appears that such payment was a mere loan to be returned to the township treasury.

Argued January 30, 1922. Appeal, No. 31, Oct. T., 1922, by defendants, from decree of C. P. Allegheny Co., Jan. T., 1922, No. 1001, for plaintiff, on bill in equity, in case of W. J. Campbell v. Wilkins Township, Ira W. Huey et al., Commissioners of the Township of Wilkins. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ. Affirmed.

Bill for injunction to restrain issue of bonds. Before Evans, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendants appealed.

*Error assigned* was decree, quoting it.

*Ralph J. Brown,* with him *Jos. F. Mayhugh,* for appellants, cited: Jermyn v. Scranton City, 212 Pa. 598; Barr v. Phila., 191 Pa. 438.

*John D. Meyer,* for appellee, cited: Rainsburg Boro. v. Fyan, 127 Pa. 74; Barr v. Phila., 191 Pa. 438.

OPINION BY MR. JUSTICE SADLER, March 6, 1922:

Wilkins Township, Allegheny County, desiring to increase its indebtedness by $35,000, directed, by a duly enacted ordinance, that bonds of that amount be sold. There is no question as to the right of such municipality to borrow moneys that may be needed, without a vote of the people, so long as the indebtedness is less than 2% of the last assessed valuation of the property within its bounds. Act April 28, 1915, P. L. 195. And, for the use of needed funds, it may pay a rate of interest not exceeding 6%. Act July 14, 1917, section 395, P. L. 840, amended by Act March 17, 1921, P. L. 36. In the present case, it agreed to allow 5.6%, and, in addition thereto, stipulated this amount should be "without deduction for any tax which may be levied or assessed thereon, or on this bond, or on the debt secured hereby, under any present or future law of the Commonwealth of Pennsylvania, all of which tax the Township of Wilkins hereby assumes and agrees to pay, making this bond free of tax to the holders hereof."

The securities were offered at public sale, and a bid was made to purchase at par and interest, with a premium of $1,417. A taxpayer filed a bill to restrain the issuance of the bonds, averring a failure on the part of the township authorities to assess a tax sufficient to secure the redemption within a period of 30 years, as is legally required. This contention was sustained by the court below; from the decree entered, the defendants appeal.

One narrow question is now presented for consideration. A tax was assessed by the township authorities

sufficient to pay the principal of the bonds, with interest at 5.6% within the period fixed by law. The levy was not, as is usually the case, on a millage basis in a sum which might reasonably cover the entire obligation assumed, and thus is distinguished from Barr v. Phila., 191 Pa. 438, relied upon by appellant; but the ordinance directed the collection of a specific amount each year until maturity of the issue. Upon its face, the tax so provided for is insufficient, by $2,100, to pay the total for which the township made itself liable. It is ample, however, if the agreement to pay state tax is disregarded, and it is now insisted that such a charge need not be considered in making the assessment.

Article IX, section 10, of the Constitution provides that every municipality incurring indebtedness shall, "at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the interest and also the principal thereof within thirty years." To enforce this mandate, the Act of April 20, 1874, P. L. 65, directed a levy in such cases not exceeding in any one year 8% of the borrowed sum, to provide "for the payment of interest and the liquidation of the principal." An amendment of April 13, 1897, P. L. 17, makes like requirement, omitting, however, the clause limiting the sum to be collected annually, and this legislation is now applicable to townships of the first class, to which Wilkins belongs. See also Act April 28, 1915, P. L. 195.

Does the promise of the township to pay the state tax constitute a part of the liability, for the liquidation of which a fund must be provided? It is insisted that the phrase "principal and interest" qualifies the direction that a tax sufficient to pay the indebtedness within thirty years be assessed, and that the additional obligation assumed,—not being strictly within the meaning of either of the words used,—is not to be included in determining the amount of the levy. With this proposition we cannot agree. The contract to assume the state tax created a definite charge against the township. "A debt means a

fixed and certain obligation to pay money or some other valuable thing or things, either in the present or in the future": City of Erie's App., 91 Pa. 398. It is "that which one person is bound to pay to or perform for another": Brooke v. Phila., 162 Pa. 123; Brensinger v. Palo Alto Sch. Dist., 56 Pa. Superior Ct. 226, 231; 17 C. J. 1376. To put a check upon the incurring of indebtedness by municipalities, the Constitution not only limited the amounts which could be borrowed, but required provision for repayment within a fixed period, and, with this thought in mind, the special tax was provided for. It is immaterial whether the definite promise of the township to pay be called principal or interest. What must be looked at is the obligation assumed. In the present instance, it has contracted for the payment of the four mills for the benefit of the State; it is a part of the debt which the township is bound to pay, and for which it must make provision. This it has clearly failed to do, and, as a result, its attempted issue of bonds was properly restrained: Rainsburg Borough v. Fyan, 127 Pa. 74.

Suggestion is made that the premium offered by the purchaser could be considered in determining whether a sufficient sum had been provided to make repayment. Though this may be true (Jermyn v. Scranton, 212 Pa. 598), yet the total so advanced is not enough to make up the deficiency; nor is the township aided, in that,—by section 6 of the ordinance,—$2,350 was transferred temporarily from general township funds to meet the first interest accruing. This amount was not a payment in reduction of the total indebtedness, but a loan,—express provision having been made for its return to the township treasury. The fact that other revenues of the township may be now, or in the future, available, and could be applied to cover the shortage in the sum provided by the tax, is no answer to the complaint here made, in view of the mandatory requirements of the existing legislation. It directs how the particular fund shall be raised,

and that it must be provided for prior to the issuance of the securities.

The assignments of error are overruled, and the decree is affirmed at the cost of appellants.