# Halpin et al., Appellants, *v.* Rochester Borough.

*Boroughs—Increase of debt—Constitutional limit—Floating debt—Assets collectible—Bonds—Notice—Constitution, art. IX, section 8—Act of April 20, 1874, P. L. 65.*

1. The notice published for the information of the electors as to an increase of municipal debt must contain the details legally required.

2. Outstanding solvent debts, within the meaning of the Act of April 20, 1874, P. L. 65, which a municipality may deduct from its gross indebtedness in ascertaining its borrowing capacity, are debts due to it directly, payment of which it can enforce as one of its quick assets for the liquidation of any of its obligations.

3. All credits applicable to the payment of claims are to be treated as assets, in determining the percentage of new debts attempted to be incurred, including bonds theretofore authorized by the electors, and purchased by the sinking fund established for redemption.

4. A municipality has the power to issue and sell bonds for the purpose of paying temporary loans, although there are assets available within the period of one year to liquidate current demands against the borough.

5. The mere fact that a new issue of bonds is to be used for the cancellation of floating indebtedness is no reason for inhibiting their issue.

Argued May 19, 1924.   Appeal, No. 83, Oct. T., 1924, by plaintiffs, from decree of C. P. Beaver Co., March T., 1924, No. 4, dismissing bill in equity, in case of John W. Halpin et al. v. Rochester Borough.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill to restrain bond issue.   Before READER, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.   Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Edwin M. Wallover,* for appellants, cited: Brooke v. Phila., 162 Pa. 123; McGuire v. Phila. (No. 1), 245 Pa. 287; Elliott v. Phila., 229 Pa. 215; Schuldice v. Pittsburgh, 251 Pa. 28.

*Richard S. Holt,* for appellees, cited: Yates v. Connellsville Boro., 21 Pa. Dist. R. 1048; Campbell v. Twp., 273 Pa. 204.

OPINION BY MR. JUSTICE SADLER, July 8, 1924:
The Borough of Rochester, at an election held on July 31, 1923, secured assent to the increase by $77,000 of its bonded indebtedness, a portion to be used for the purpose of funding certain temporary loans, and a part for the paving of designated streets.   Later, a taxpayer filed a bill asking that the issue authorized be restrained, claiming it was illegal on two grounds, which will be separately considered.   The learned court below sustained the demurrer filed by the municipality, and from its decree this appeal is taken.

It is first urged that the notice given to the electors was misleading in that the indebtedness of the borough was fixed at $219,479.76, of which $46,479.76 was floating, intended to be liquidated with the proceeds of a part of the bond issue.   There was deducted from the total

debt enumerated assets collectible by the borough within twelve months amounting to $56,063.93, leaving an actual amount due, when the vote was taken, of $163,-415.83. The contention is made that no credit was justified in so far as the sums becoming payable within a year were concerned in excess of the amount of the outstanding short-time notes. It may be observed that the increase proposed, and authorized as a result of the election, did not exceed the percentage of assessed valuation permitted by the Constitution. The objection is to the credit taken for current assets, in so far as they were greater than the floating indebtedness then existing.

This requires a brief consideration of the relevant provisions of the Constitution, and the legislation enacted to carry them into effect. Article IX, section 8, directs: "The debt of any county, city, borough, township, school district or other municipality or incorporated district, except as herein provided, shall never exceed seven per centum upon the assessed value of the taxable property therein, nor shall any such municipality or district incur any new debt, or increase its indebtedness to an amount exceeding two per centum upon such assessed valuation of property, without the assent of the electors thereof at a public election in such manner as shall be provided by law." And the legislature (April 20, 1874, P. L. 65, sec. 5) specified that "The word 'indebtedness,' used in this act, shall be deemed, held and taken to include all and all manner of debt, as well floating as funded, of the said municipality; and the net amount of such indebtedness shall be ascertained by deducting, from the gross amount thereof, the moneys in the treasury, all outstanding solvent debts, and all revenues applicable within one year to the payment of the same."

The legality of this enactment has been the subject of discussion, but is now recognized as valid and controlling: McGuire v. Phila. (No. 1), 245 Pa. 287; Elliott v. Phila., 229 Pa. 215; Bruce v. Pittsburgh, 166 Pa. 152;

Com. v. Gilligan, 195 Pa. 504. It therefore remains only to determine whether the notice published for the information of the electors furnished the details legally required. Of course, if it did not do so, there would be justification for the restraint of the issuance of the bonds authorized, for, if proper information was not supplied, and, as a result, the citizens may have been misled, the additional debt cannot be incurred: McGuire v. Phila. (No. 2), 245 Pa. 307; Campbell v. Wilkins Twp., 273 Pa. 204.

In view of the express wording of the Act of April 20, 1874, above referred to, we are unable to see any valid objection to the manner of setting forth the entire debt, and deducting therefrom the outstanding collectible revenues. The mere fact that the latter sum is in excess of that known as "floating" furnishes no reason for a refusal to deduct the entire amount, even though it be greater than the total of temporary loans then due. An examination of our cases in which the question has been a matter of discussion, plainly leads to this conclusion. "Outstanding solvent debts, within the meaning of the Act of 1874, which a municipality may deduct from its gross indebtedness in ascertaining its borrowing capacity, are debts due to it directly, payment of which it can enforce as one of its quick assets for the liquidation of any of its obligations" (McGuire v. Phila. (No. 1), supra, p. 293), and an indebtedness may be incurred to fund or refund that which is temporary: Schuldice v. Pittsburgh, 251 Pa. 28. All credits applicable to the payment of claims are to be treated as assets, in determining the percentage of new debts attempted to be incurred, including bonds theretofore authorized by the electors, and purchased by the sinking fund established for their redemption: Brooke v. Phila., 162 Pa. 123.

Counsel conceded on argument that the defendant borough acted lawfully in deducting the money in the treasury and outstanding solvent claims, but insisted that only so much of this amount as was in excess of

that presently due could be considered as a reduction from the total of the general liability.   This position is in conflict with the direct provisions of the Act of 1874, we have no desire or right to override this statute.

Again, it is urged that the municipality has no power to issue and sell bonds for the purpose of paying temporary loans, when the statement shows that there are assets available within the period of one year to liquidate current demands against the borough.   The suggestion is made that, if the liabilities were unduly increased by the municipality, and short term assets permitted to accumulate, deductible in determining whether the constitutional limitation as to indebtedness was reached, it might be possible for the borough to incur a debt exceeding 7% of the assessed valuation.   It can be imagined that this might happen, but, in the present case, there is no doubt that the increase is within the amount permitted to be borrowed, and this court will not assume that the borough authorities in the future will attempt to disregard the legal obligations imposed upon them.

The mere fact that the bonds are to be used for the retiring of floating indebtedness is no reason for inhibiting the new issue, and this has been held, though the authorizing ordinance makes no provision for the cancellation simultaneously with the sale of the new securities: Schuldice v. Pittsburgh, supra, p. 34.

Notwithstanding the able argument of counsel for appellants, we cannot but hold that the notice given by the Borough of Rochester to the taxpayers was sufficient and in conformity with law.   We are likewise of opinion that the outstanding loans could properly be provided for by the issuance of bonds, though funds were apparently receivable within the year which might have been used for the liquidation of these claims.   It therefore follows that the assignments of error should be overruled.

The decree is affirmed at the cost of appellants.