## Franklin Township's Road Tax.

*Taxation—Townships—Road tax—Five per cent. additional tax—Unlawful borrowing—Act of July 15, 1919.*

Township supervisors will not be authorized by the Court of Quarter Sessions to levy an additional 5 per cent. road tax where the moneys are to be used to pay outstanding notes given for money borrowed, and it appears that the borrowing represented by such notes was not in compliance with, or authorized by, the Acts of April 28, 1915, P. L. 195, July 14, 1917, P. L. 840, or July 15, 1919, P. L. 969, and was not necessitated by some sudden emergency.

Petition for additional road tax in Franklin Township. Q. S. Fayette Co., Dec. Sess., 1925, No. 155.

*Umbel, McKean & Williams,* for supervisors.

MORROW, J., Feb. 20, 1926.—The Supervisors of Franklin Township have petitioned the court to order the levy of a 5 mills road tax, in addition to the

10 mills they can levy without such order. At the hearing on this petition it developed that the use intended to be made of this additional tax was for the most part, if not altogether, the payment therewith of outstanding notes of the township, being renewals of notes given for money alleged to have been borrowed by the township some time ago. This borrowing was not pursuant to the provisions of the Act of April 28, 1915, P. L. 195. No attempt was made to comply with the requirements of that act. Compliance therewith is mandatory: Campbell v. Wilkins Township, 273 Pa. 204. This act contemplates, among other things, that the payment of indebtedness created thereunder shall be spread out over a period of years, not exceeding thirty, and the assessment at the time of its creation of an annual tax sufficient for such payment.

It was not seriously contended, nor could it have been, that this borrowing was by virtue of the provisions of section 434 of the Act of July 14, 1917, P. L. 840, which are retained in the Act of July 15, 1919, P. L. 969, amending the Act of 1917. It would seem that this section was not intended to give the supervisors power to create an indebtedness within the meaning of that term as used in the Constitution and explained in Erie's Appeal, 91 Pa. 398, but simply to borrow money in any year in anticipation of the taxes to be collected that year and to be repaid out of those taxes when collected, and this that work might be performed in proper season. If it gave them general power to borrow money one year to be repaid out of the taxes of the next or subsequent years, the results might be far-reaching. That would enable a board of supervisors to borrow and spend in one year all the money that could be raised by taxation the next year. The new board for this year would not be able to do anything, having no available money. In our opinion, no such power to borrow money was given by the act mentioned. "Aside from the taxing authority conferred upon them by statute, the financial resources of township supervisors are limited and they are without general power to borrow money on the credit of the township. An exception to this limitation, arising from necessity, exists, however, where, by reason of an extraordinary emergency or condition, such as a destructive flood, roads are rendered impassable and bridges destroyed and the current revenues from taxation are insufficient to defray the unusual expenses necessary for repairs and reconstruction:" Potters National Bank v. Ohio Township, 260 Pa. 104. To the same effect is Machinery Co. v. Old Lycoming Township, 25 Pa. Superior Ct. 156.

It does not appear in the testimony offered that any extraordinary emergency or condition existed in Franklin Township when the indebtedness represented by the notes was incurred. To grant the prayer of the petition would in effect be an approval by this court in this proceeding of the legality of this alleged indebtedness and a ratification of the action of the supervisors in creating the same.

It also seems from the testimony offered that this indebtedness, added to the bonded indebtedness of the township, makes an amount in the aggregate somewhat in excess of 2 per centum upon the last preceding assessed value of the taxable property in the township.

Under the facts developed at the hearing we do not think the court should order the increased tax levy.

And now, Feb. 20, 1926, after consideration, the application of the Supervisors of Franklin Township to order the levy of a tax greater than 10 mills is refused.

From Luke H. Frasher, Uniontown, Pa.