**Fegley v. Willistown Township School District**

*Charles F. G. Smith,* for plaintiffs.

*Thomas R. Kellogg of MacElree, Platt & Harvey* and *Theodore O. Rogers,* of *Rogers, Gentry, Windle & Lamb.*

MARRONE, J., June 23, 1970.—This action in assumpsit was instituted by the parents of John David Fegley, a minor. They seek to recover funds expended by them on behalf of the minor by reason of their having enrolled him in a private school on October 2, 1966, at a cost of $2,350 for the years 1966-67 and 1967-68 and also additional costs for 1968-69.

The gist of the complaint is that under the Public School Code of March 10, 1949, P. L. 30, this Commonwealth, a local school district and the county superintendent of schools have the duty to provide an education for all persons between the ages of six and 21. The complaint alleges a breach by defendants of this duty owed minor plaintiff, resulting in an expenditure of $6,725, which sum plaintiffs now seek to recover from the parties defendant. As a basis for recovery, they allege the existence of an implied contract.

Preliminary objections were filed on behalf of both defendants, both sets of objections being in the nature of a demurrer. They argue that the complaint fails to state a cause of action and base this contention on several grounds.

The complaint avers that the child is an "exceptional child" under the provisions of the Public School Code. After consultation with the supervising principal of the Willistown School District as well as the Supervisor of Special Education for the County of Chester in 1964, the parents were advised to, and

did, wait until the child was six years of age before again consulting the school officials. Again, they were advised to wait until the child became eight years of age, but proceeded on their own to have him examined by a private child psychologist. Following this examination, the child was placed in Rivercrest School, Montclair, Montgomery County, Pa., where the parents assumed the cost of the education.

As provided in section 1371, every child of compulsory school age within the district who, because of exceptional physical or mental condition, is not being properly educated and trained must be reported to the County Board of School Directors. There is no provision in that section permitting an examination of a handicapped child by a physician of the child's own choice: Physical Examination of Handicapped Children, 13 D. & C. 2d 321 (1957). The section refers to "compulsory school age" which is defined in section 1326 as the period of a child's life from the time the child's parents elect to have the child enter school, which shall be not later than at the age of eight years. There is no averment in this complaint which states that the parents presented the child for admission prior to their enrolling him in a private school. On the contrary, the complaint avers that it was not until May 26, 1967, at which time the child was slightly over seven years of age, that the parents communicated with the school district and received immediate response from the principal who arranged for the minor to be tested by the school psychologist. As a result of this examination and in accordance with section 13-1375 of the Public School Code, the school directors were prepared to proceed with notifying the Superintendent of Public Instruction that the child should be excluded from school. This procedure was interrupted

on request of the parents. Had this proceeded, it is apparent that under the provisions of that section the obligation of providing education or training for this child may have been removed from the school district and imposed on the Department of Public Welfare.

As we view the pleadings, the point in contention is not a constitutional issue involving a child's right to an education but, specifically, whether the complaint has alleged any illegally improper course taken by defendants in relation to this child. If defendants had refused to approve the child as a student, the matter could have been corrected by mandamus as a refusal might have constituted a violation of the statutory duties of defendants. However, as we read the averments of the complaint, plaintiffs never requested schooling for, nor presented the child for schooling until May 26, 1967, when, as the complaint avers, they became "aware" of the provisions of the school code. We are of the opinion that the school authorities acted properly in having the child tested and in following the statutory procedures at that time. Plaintiffs cite Bensinger v. Palo Alto School District, 56 Pa. Superior Ct. 226 (1914), in support of their claim for reimbursement for the tuition expended. This case is not applicable, since it, like Wertz v. Oliver Township School District, 43 Pa. Superior Ct. 1 (1910), was a case instituted pursuant to the Act of May 23, 1907, P. L. 202, which expressly provided for payment to parents of certain children of the cost of tuition and school books where one district, not having a high school, failed to pay the costs of children attending a high school in an adjoining district. Nowhere in the school code is there a provision for payment to an individual of the costs of tuition at a school for exceptional children. We, therefore, find that plaintiffs have not

shown they complied with the requirements of the statute or noncompliance with the requirements of the statute on the part of defendants. In view of the foregoing, we enter the following:

ORDER

And now, June 23, 1970, the preliminary objections of both defendants, Willistown Township School District (Great Valley School District) and Stanley Landis, are sustained and the complaint is dismissed.