Decision of Court below.

PER CURIAM:

This case is affirmed upon the opinion of the learned judge of the court below.

Decree affirmed.

---

## BOROUGH OF RAINSBURG v. A. E. FYAN.

ERROR TO THE COURT OF COMMON PLEAS OF BEDFORD COUNTY.

Argued May 13, 1889—Decided May 27, 1889.

1. When bonds are issued by a borough to provide for the payment of an existing indebtedness recognized by the corporate authorities as a legal obligation, but the provisions of § 10, article IX. of the constitution, and of § 2, act of April 20, 1874, P. L. 65, are not complied with, the bonds are issued without authority and are void.

2. If, however, the debt is a lawful one, and the money borrowed is applied to an existing valid indebtedness, thus merely exchanging one creditor for another, the borough is liable for the money and recovery may be had against it on a count upon the simple contract for money loaned.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MC-COLLUM, JJ.

No. 89 January Term 1889, Sup. Ct.; court below, No. 140 September Term 1887, C. P.

On May 23, 1887, the defendant entered an appeal from the judgment of a justice of the peace in an action by Albert E. Fyan against the borough of Rainsburg, to recover interest upon borough bonds held by the plaintiff, dated February 27, 1886. Issue.

The cause was tried on January 4, 1888, before BAER, P. J., without a jury, under the provisions of the act of April 22, 1874, P. L. 109, and on July 17, 1888, the following decision was filed:

From the evidence heard and admissions in argument made, I find the following facts:

Decision of Court below.

1. The municipality, by its officers in special meeting assembled, when all but one member of the council were present, recognized the costs and fees in certain suits as a legal debt against the borough, and appointed, by resolution appearing on the minutes, a committee of two of their number to ascertain the amount thereof and borrow money to pay the same, which proceedings, at the next regular meeting, having been read, the minutes were approved.

It does not appear that the borough was otherwise indebted at that time, to wit, December 12, 1885, nor does the precise amount of the indebtedness appear; though on argument both plaintiff and defendant assumed, and so argued, that the sum borrowed, to wit, $500, was less than two per cent upon the assessed valuation next preceding the making of the loan, and that the sum borrowed was not all required to pay off the debt, but that $150, or about that sum, now remains in the treasury of the municipality, the remainder having been applied to existing debts.

2. In borrowing the $500 from the plaintiff, for which the said bonds in suit were given, the debt of the borough was increased as much as about $150 ; but this sum, in excess of any then existing debt, remains in the treasury unused, ready to be repaid to the plaintiff.

3. The debt so incurred was not a debt incurred for the making of future improvements, or to pay for improvements made, but to pay an existing debt which accrued after the date of the constitution and the act of 1874.

4. The bonds are both under the corporate seal of the borough, and each calls for $250, with interest from their dates, February 27, 1886, one payable in three, the other in five years ; and each calls for payment of the state tax.

5. The form of the bond is the same in both, except as to number and time. No. 1 is as follows:

No. 1. $250.

The borough of Rainsburg acknowledges to owe and stand indebted to Albert E. Fyan, his heirs and assigns, in the sum of two hundred and fifty dollars, payable three years after date, with interest from date, payable annually, and taxes on this loan.

Given under my hand and seal this 27 February, 1886.

B. F. GUMP, Secretary.         J. W. LEE,

[SEAL.]                Chief Burgess.

Decision of Court below.

6. The statement required by the act of April 20, 1874, P. L. 65, was not made nor filed in the office of the clerk of the Quarter Sessions.

7. The municipality did not, at or before issuing the said bonds in suit, provide for the collection of an annual tax sufficient to pay the interest and also the principal thereof within thirty years, as required by article IX., § 10, of the constitution of the commonwealth, and by § 2, act of April 20, 1874.

8. The plaintiff claims to recover $31.50, the annual interest due on February 27, 1887, and the state tax on the loan, and by his statement filed claims, first, on a count drawn on the bonds; second, on a common count alleging a loan of $500 for a term of years, the interest of which and state tax defendant promised to pay annually.

On the trial the defendant objected to the admission of the bonds in evidence.

1. Because the money was borrowed for an illegal purpose, for a purpose for which they could not bind the borough, and that they are personally and individually liable.

2. Because there are two conditions precedent prescribed by act of April 20, 1874, which must be performed before the bonds can issue; one, that they shall prepare a statement showing the indebtedness of the district at last preceding valuation and the amount of debt to be incurred, to be verified by oath and filed with the clerk of the Court of Quarter Sessions before any bond shall be delivered; the other, that they shall proceed and levy an annual tax to pay such indebtedness before they shall make any loan or issue any bonds; and neither were performed in the attempt to make this loan.

The objection was overruled, and evidence admitted, and bill sealed to the defendant.

The plaintiff objected to the admission of defendant's offer, which was as follows:

Offer to prove in what suit the costs were to be paid; that the burgess and three councilmen commenced a prosecution as individuals and incurred a large amount of costs, without any authority from the borough; and, in order to shield themselves from payment of the costs, they undertook to borrow this money and saddle the debt on the borough.

It was objected to by plaintiff: 1. As irrelevant. 2. No

Decision of Court below.

evidence that plaintiff had any knowledge of what use was to be made of the money.  3. And if used for an illegal purpose, plaintiff is not connected with it.

Objections sustained on ground of irrelevancy, and bill sealed to defendant.[1]

The defendant offered auditor's settlement for previous year, made in the spring of 1886, to show that neither this loan nor the costs paid in same were included in that settlement.

Objected to, as immaterial and irrelevant and that it has been appealed from.

Objection sustained and bill sealed to the defendant.[2]

From the facts found on the evidence and from admissions made, I make the following conclusions of law :

1. The debt of the municipality, which was intended to be and was paid by the money borrowed from the plaintiff, was a lawfully contracted debt.

2. The municipality could issue bonds as evidences of indebtedness for such a debt, unless it falls within the constitutional prohibition and the act of April 20, 1874.

3. Section 8, article IX. of the constitution, provides that: " The debt of any county, city, borough, . . . . . except as herein provided, shall never exceed seven per centum upon the assessed value of the taxable property therein, nor shall any such municipality or district incur any new debt, or increase its indebtedness, to an amount exceeding two per centum upon such assessed valuation of property, without the assent of the electors." . . . . . Section 10. " Any county . . . . . or other municipality incurring any indebtedness shall, at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the interest and also the principal thereof within thirty years." That these constitutional provisions are mandatory and not merely directory, and are to be viewed in the light of limitations upon the powers to be exercised by municipalities, seems to us clear.  They are safeguards in the interest of the taxpayer that must be observed.

4. Section 1, act of April 20, 1874, P. L. 65, makes void the increase of indebtedness above seven per centum, except as provided by law, and also makes void any obligation issued therefor.  Section 2 provides that a debt may be incurred or an existing debt may be increased to an amount not exceeding

two per cent upon the assessed valuation of the taxable property. The second clause of § 2 provides, that "before issuing any obligation or security for such debt the principal officer of the municipality shall prepare a statement showing the actual indebtedness of the district, the amount of last preceding valuation, the amount of debt to be incurred, the form and date of maturity of the obligations to be issued therefor, the amount of annual tax levied and assessed to pay the indebtedness, under oath, and file it in the office of the clerk of the Court of Quarter Sessions, and upon failure to do so he shall be guilty of a misdemeanor."

5. The statement required by § 2, act of April 20, 1874, was not filed. If it had been, the holder of these bonds would be held to have knowledge of all that was contained in the statement, and if by it it had appeared that the borough had no authority to issue the bonds, or that the bonds were given for a debt incurred in excess of two per cent on the last preceding valuation, and no tax had been levied to provide for its payment within thirty years, he could not recover on the bonds.

As the statement was not filed, how is the holder of the bonds affected? Manifestly he will be deemed to have full knowledge of all that should have appeared in a statement that ought to have been filed. In this case, what must such a statement have been? This must be ascertained from the facts found. On all the facts appearing, the statement, had it been made and filed, must and would have shown:

1. That the existing indebtedness of the borough preceding the issuing of the bonds did not exceed $500.

2. That it was an indebtedness recognized by the municipality on its minutes as a legal indebtedness.

3. That the debt incurred or to be incurred by the two bonds of $250 each, did not exceed two per centum of the assessed value of the property of the borough, including any previous indebtedness, and that the purpose of the loan was to discharge and pay off existing liabilities of the borough incurred since the dates of the constitution and act of 1874.

4. That the form, date of maturity, and number of the obligations to be issued was that disclosed by the two bonds, amounting together to $500.

If these facts, that could be ascertained on inquiry, are all

that was required to appear in the statement, then the facts that would give validity to the bonds existed, whether they were put on record in the statement required or not, and the plaintiff should recover.

But one requisite is lacking. The act of 1874, § 2, provides inter alia, that the statement to be filed shall show "the amount of the annual tax levied and assessed to pay the said indebtedness." As no annual tax was levied before or at the time of incurring the indebtedness, and no provision was made for the collection of an annual tax sufficient to pay the interest, and also the principal thereof within thirty years, the plaintiff on inquiry made, and he was thrown upon inquiry, would necessarily learn that this was not done.

The constitution, article IX., § 10, provides that "any municipality incurring any indebtedness shall, at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the interest, and also the principal thereof within thirty years."

The plaintiff in the absence of a statement on file alleging a different state of facts must be taken to have known that the tenth section of article IX. of the constitution, and the second section of the act of April 20, 1874, were not complied with in this regard. It follows, therefore, that the bonds were issued without authority, in contravention of the constitution and the law, and hence there can be no recovery on the bonds.

It is, however, not required that the statement, etc., be filed before incurring a lawful debt, but that it be filed before issuing bonds as security therefor. In this case the debt was a lawful debt, and less than two per cent. At least $350 of the amount borrowed was applied in the mere exchange of one creditor for another by paying an existing lawful debt, without thereby increasing the debt, and the other portion of the loan, to wit, $150 of the identical money borrowed from the plaintiff, remaining in the treasury of the borough for the use of the plaintiff. It should not in this case be held to have been such an increase of indebtedness as becomes unlawful, for, taking into consideration this unexpended fund lying in the treasury and held there for the purpose, as seems conceded, to pay back to plaintiff, the indebtedness of the borough was not increased thereby.

We are clearly of opinion, therefore, that though the bonds are void, [yet the debt which they were intended to secure was and is a lawful debt, recoverable by suit on the contract, and that therefore under all the evidence the plaintiff is entitled to recover, on the second count in his narr or statement, $31.50, with interest from February 27, 1887, and one year's state tax.] [3]

And it is now accordingly ordered that the prothonotary, after thirty days' notice of the filing of this decision to the parties or their attorneys, do enter judgment in favor of the plaintiff for $34, unless exceptions be filed to this ruling.

On October 23, 1888, exceptions previously filed by both the plaintiff and the defendant, were dismissed, and judgment having been entered in accordance with the opinion, the defendant took this writ, assigning for error:

1, 2. The rejection of the defendant's offers. [1] [2]

3. The finding of the court that the debt to pay which the money was borrowed, was a legal debt and obligatory upon the borough. [3]

4. The finding of the court, that the borough authorities had power to borrow money without complying with the provisions of § 10, article IX. of the constitution of the state.

5. The construction placed by the court on § 2, of the act of April 20, 1874, and the ruling that a loan could be lawfully contracted for without issuing obligations or bonds therefor, the loan in this case being made upon bonds issued when it was made.

*Mr. John Cessna*, for the plaintiff in error.

*Mr. Alexander King*, for the defendant in error.

PER CURIAM:

This judgment is affirmed upon the opinion of the learned judge of the court below.

Judgment affirmed.