## Union Paving Co., Appellant, *v.* City of Philadelphia.

*Municipalities—Contracts—Paving contract—Oral contract for additional grading—Validity.*

1. One having a written contract for paving a city street, which was awarded under specifications providing that "any additional work not included in the proposal or in the schedule of fixed

prices for contingent work will be done at a price to be agreed upon in writing by the contractor and the engineer and approved by the director" is not entitled to recover the cost of additional paving incidental to the contract where it appears that the chief of bureau of highways wrote a letter to the director of the department of public works discussing the question of an arrangement by which the plaintiff was to be paid the cost plus ten per cent profit; that the director marked the letter approved and signed it and the chief of the bureau of highways orally directed the work to proceed in accordance with the arrangement. In such a case there was no contract in writing in accordance with the specifications nor in accordance with the city charter which provided that "all contracts relating to city affairs shall be in writing, signed and executed in the name of the city."

2. Contractors, in dealing with municipalities, are bound to recognize the limitations upon the authority of the officers with whom they deal.

Argued Jan. 16, 1919. Appeal, No. 77, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1917, No. 3207, entering judgment for defendant n. o. v. in case of Union Paving Company v. City of Philadelphia. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit to recover cost of additional grading incidental to a contract for paving a city street.

Verdict for plaintiff for $2,304.92.

The court subsequently entered judgment for the defendant n. o. v. for the reasons stated in the following opinion by FERGUSON, J.:

We think the verdict in this case cannot stand and that judgment must be entered for the defendant non obstante veredicto.

The plaintiff had a contract in this case for paving, which was regularly entered into in accordance with an ordinance of councils, and the amount of the contract has been paid. The present action is for the cost of additional grading incidental to the contract. The specifications under which the bidding was had provided in section 22 as follows:

"Any additional work not included in the proposal or in the schedule of fixed prices for contingent work will be done at a price to be agreed upon in writing by the contractor and the engineer and approved by the director."

After the contract for paving was entered into the chief of the bureau wrote a letter to the director of the Department of Public Works discussing the question of additional grading which he thought would be necessary in the highway on both sides of the strip to be paved, and he asked the approval of the director of an arrangement by which the plaintiff was to be paid for this grading at cost plus ten per cent profit. This letter is marked approved and signed by the director of the Department of Public Works. There is evidence that the chief of the Bureau of Highways directed the work to proceed in accordance with this arrangement. This direction was oral. The city asks that judgment be entered n. o. v. because there was no contract in writing in accordance with the specifications.

In our opinion there is no right to recover on the oral arrangement. Anyone dealing with the municipality is obliged to know the necessity for a contract in strict accordance with the law before there can be a legal obligation binding the municipality. It has been held that the acceptance of a proposal is not a contract but merely part of the negotiations leading to one: Hepburn v. City, 149 Pa. 335. In Smart v. City, 205 Pa. 329, the Supreme Court said:

"Article 14 of the charter of Philadelphia declares that 'all contracts relating to city affairs shall be in writing, signed and executed in the name of the city.' This court has held that this requirement of the charter is not merely directory but mandatory, and that 149 Pa. 335; McManus v. Philadelphia, 201 Pa. 619. It unless it is strictly complied with there can be no liais, therefore, settled that a strict adherence to this probility imposed upon the city: Hepburn v. Philadelphia,

vision of the city charter will be enforced and that he who asserts and attempts to enforce any agreement or liability against the city must produce a duly executed contract in writing, signed by an officer authorized to make the same. The reason for exacting a strict compliance with this most salutary requirement of the city's organic law is thus stated by the late Chief Justice STERRETT in Hepburn v. Philadelphia, supra: 'To hold otherwise would defeat the very object that the legislature had in view in thus specifically prescribing the manner in which all contracts relating to city affairs shall be executed, and expose the public funds to raids of every conceivable form.'"

The letter of the chief of the Bureau of Highways to the director, which contained an endorsement by the director approving of the proposed arrangement, was not a contract. The arrangement under which the work was done was oral and did not meet the requirements of the law.

The motion for judgment for defendant n. o. v. is granted.

Plaintiff appealed.

*Error assigned* was the entry of judgment for the defendant n. o. v.

*Walter Biddle Saul,* for appellant.—Where a contract is properly made between a municipality and a contractor it is governed by the same rule of interpretation and construction as any other contract: Addyston Pipe & Steel Co. v. Corry City, 197 Pa. 41; Hallock v. Lebanon, 215 Pa. 1.

*W. C. Wilson,* Assistant City Solicitor, with him *J. P. Connelly,* City Solicitor, for appellee.—The statutory requirements must be strictly complied with in order that the contractor may recover: Hepburn v. City of

Phila., 149 Pa. 335; Smart v. Phila., 205 Pa. 329; Mc-
Manus v. Phila., 201 Pa. 619.


PER CURIAM, February 17, 1919:

This judgment is affirmed on the opinion of the learn-
ed court below granting defendant's motion for it.