## Coyle, Appellant, *v.* Pittsburgh.

Argued March 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*A. M. Oliver,* for appellant.

*Anne X. Alpern,* First Assistant City Solicitor, with her *Wm. Alvah Stewart,* City Solicitor, and *John Marshall,* Assistant City Solicitor, for appellee.

PER CURIAM, April 13, 1942:

This was an action of assumpsit brought against the City of Pittsburgh by Leo J. Coyle, appellant, a licensed

real estate broker, to recover for services allegedly rendered to the city pursuant to an oral contract of employment. The averments of the statement of claim are that in January, 1934, appellant was orally employed by the then city solicitor, acting on behalf of the city, to make appraisals of the value of real estate and to testify as an expert witness in matters involving the City of Pittsburgh, payment therefor to be made in accordance with a certain schedule, as set forth in the statement; that such services were rendered continuously by appellant until April, 1940, under the terms of the oral contract, which was orally renewed and continued in force; and that there remains a balance due him in the sum of $7,350, which he seeks to recover, with interest. To the statement of claim the city filed a statutory demurrer on the ground that the alleged oral contract declared upon furnished no basis to charge the city with contractual liability, because not executed in the manner and form prescribed by Article XV, section 1, of the Act of March 7, 1901, P. L. 20, entitled "An act for the government of cities of the second class," and its amendments. After argument, the court below sustained the demurrer and directed that judgment be entered in favor of the city, stating: "Our appellate courts have repeatedly held that persons entering into contracts with a municipality must see to it that the contract is in writing and that all statutory requirements in relation thereto are obeyed. We can readily understand why a city solicitor should be empowered to employ experts in a particular case in the preparation of a defense for the municipality, but that is not the case before us. This, we might say has to do with a continuing contract which the solicitor had no power to make." Judgment having been so entered, we now have this appeal.

Article XV, section 1, of the Act of 1901, as amended, provides, inter alia, as follows: "All contracts, shall be in writing, signed and executed in the name of the city

by the mayor and head of the proper department." The statutory requirement applies not only to such contracts as are the subject of competitive bidding, but embraces all contracts, and must be strictly adhered to in order to charge the municipality with contractual liability: *Rieger v. Pittsburg*, 54 Pa. Superior Ct. 425. As said in *Morganstern Electric Co. v. Coraopolis Borough*, 326 Pa. 154, 158-59: "Such a provision is not merely directory but mandatory; it must be strictly complied with; no liability can be imposed upon the [municipality] by an agreement entered into in any other form. 'He who deals with a municipality must recognize that it can contract only upon such terms as the legislature has seen fit to prescribe': *Commonwealth v. Jones*, 283 Pa. 582. 'The authority of a municipal body to legislate or to contract . . . must be exercised in the manner provided in the statute conferring it': *Carpenter v. Yeadon Borough*, 208 Pa. 396; *Wilkes-Barre Connecting R. R. Co. v. Kingston Borough*, 319 Pa. 471." Appellant having failed to set forth, in his statement of claim, a contract in writing, made and entered into in conformity with the requirements of the statute, and having declared upon an alleged oral agreement, it follows that the court below committed no error in adjudging he failed to state a good cause of action and that the judgment entered in favor of the city must be affirmed. See also *Luzerne Township v. Fayette County*, 330 Pa. 247, 251-52; *Willis Bancroft, Inc., v. Millcreek Township*, 335 Pa. 529, 535; *Angelotti v. Rankin Borough*, 341 Pa. 320, 323-24.

As to the contention that, even though the oral contract of employment be invalid for failure to meet the requirements of the Act of 1901, "justice and fairness still compel a determination that the city is indebted to appellant for his services on the theory of quasicontract," it is sufficient to point out that where, as here, the benefits conferred upon the municipality pursuant to an invalid contract are such that by their very

nature they cannot be surrendered, at its option, no implied obligation on the part of the municipality to make compensatory payment can possibly arise. See *Luzerne Township v. Fayette County,* supra, 253; *Charleroi L. Co. v. Boro. Sch. Dist.,* 334 Pa. 424, 433. Moreover, if a right of recovery in quasi-contract did exist, as appellant declared upon an express contract, failed to prove it, and did not change the theory by amendment, he would be in no position to have this court review the case from that standpoint: *Nuebling v. Topton Boro.,* 323 Pa. 154, 156; *Luzerne Township v. Fayette County,* supra, 254.

Judgment affirmed.