## FEDERAL DEPOSIT INS. CORPORATION v. SUGARCREEK TP.

### No. 2305.

District Court, W. D. Pennsylvania.

Feb. 3, 1944.

John F. Budke, of Franklin, Pa., for plaintiff.

Forest B. Irwin and Robert M. Dale, both of Franklin, Pa., and Frampton & Courtney, of Oil City, Pa., for defendant.

GIBSON, District Judge.

Sugarcreek Township, by a special election in 1928, authorized an indebtedness of $100,000 for sewer construction. A tax was levied for the years 1929 to 1938, inclusive, of the sum of $14,900 annually, to pay the bonded indebtedness. When the bond issue was about to mature the Township lacked $17,000 in order to meet the debt. On January 4, 1938, the Township Supervisors passed a resolution to borrow $8,000 from the Franklin Trust Company, reciting in said resolution that: "There are ample revenues of the Township due or created." On May 2, 1938, the Supervisors passed another resolution to borrow a further sum of $9,000 reciting

that: "There are ample current revenues in the Township now due or created to secure said sum of Nine thousand ($9,000.-00) Dollars, and other indebtedness and expenses of the Township." The $17,000 received upon these two loans was used by the Township to retire the bonds issued. From time to time the Township made payments upon this note indebtedness until December 16, 1940, when the amount due was $9,164.85. On December 20, 1941, the debt was assigned to the complainant herein, the Franklin Trust Company having been liquidated.

No matter what other comment may be made in respect to the instant defense, it cannot be said that it appeals to any equitable instinct. The Township had a bonded debt which could not be questioned. Having immediate need of $17,000 to pay that debt, its Supervisors, in their resolution to borrow $8,000, declared that the Township then had ample revenues now due or created to meet the sinking fund debt about to fall due. (Falsehood or disobedience of law, be it noted, is not to be presumed against public officers). With this background and with such certification, the Supervisors borrowed the $17,000, and used it to pay the debt from which the Township had no escape. By the transaction only the form of the indebtedness was changed, but not the indebtedness. Borough of Rainsburg v. Fyan, 127 Pa. 74, 17 A. 678, 4 L.R.A. 336.

The Township, which admits the receipt of the amount in suit, now asserts that the loan was invalid, in substance (a) because the defendant, before incurring the indebtedness, did not provide for collection of an annual tax sufficient to pay the principal and interest within thirty years, as required by Article 9, Section 10, of the Constitution of Pennsylvania, P.S.; (b) the obligation of the Township on the sinking fund for the retirement of its bond issue was but $10,000 per year for ten years, and (c) that the Township by the loan was increasing its indebtedness in anticipation of revenue for more than one year without the approval of the Department of Internal Affairs of Pennsylvania, as required by the Act of March 31, 1927, P.L. 91, Sec. 3, as amended by the Act of April 28, 1933, P.S. 97, § 1.

Having received the amount of the loan the Township Supervisors, had they doubted the regularity of the loan, to correct it might well have taken care of the matter by means of a tax levy rather than a defense of invalidity, because townships are not absolved from ordinary honesty. The defenses advanced, however, are insufficient to defeat the claim.

As to Article IX, Section 10, of the Constitution, it nowhere appears that the current revenues of the Township for the year 1938 were not sufficient to meet the indebtedness, even though that indebtedness be considered as a new and not a transferred indebtedness. True, the note in suit was not paid in that year, but many things, including possibly disinclination, may have induced the failure to pay. The declarations of the Supervisors in the resolutions authorizing the loans substantially assert the ability to pay from current assets, and are not to be set aside without proof. And if current assets were sufficient to meet the obligation no need existed for submission to the Department of Internal Affairs. The fact that the Supervisors did not use the word "collectible" instead of equivalent language certainly is not sufficient to establish the failure of current assets. Only their good faith was in issue, and that has not been questioned.

The contention on behalf of the Township that the borrowing of $17,000 to meet the bonded indebtedness, with interest and tax, was in excess of the current revenues specially levied for the purpose is not of any force. The actual tax levy was not specified at the election by which the sewer was authorized, so far as appears in the testimony. Even if it had been the matter was not vital.

In Potters' National Bank v. Ohio Township, 260 Pa. 104, 103 A. 605, 607, quoted from Addyston Pipe & Steel Company v. City of Corry, 197 Pa. 41, 46 A. 1035, 80 Am.St.Rep. 812, the following is found: "It is not, however, always possible to adapt present action to future results with absolute precision, and if means are adopted which in good faith according to reasonable expectation, will produce a sufficient fund, the contract entered into on the faith of them should not be held unlawful on account of an unintentional miscalculation, or an accidental and unexpected failure to produce the full result. Thus if the city at the time of making a contract levies a special tax in good faith supposed to be adequate to meet it, but in consequence of fire or flood or decline in values the result is an insufficient fund, it

734

cannot be held that the contract, good at its inception would thereby be made bad. *The constitutional restriction was not intended to make municipalities dishonest, nor to prevent those who contract with them from collecting their just claims, but to check rash expenditure on credit, and to prevent loading the future with the results of present inconsiderate extravagance."* (Italics ours.)

See also Ohlinger v. Maidencreek Township, 312 Pa. 289, 292, 293, 167 A. 882, 90 A.L.R. 1227; Athens National Bank v. Ridgebury Township, 303 Pa. 479, 484, 154 A. 791.

■ As the matter is viewed by the court, the loan obtained by the Supervisors was not an increase of indebtedness of the Township, but was a mere transfer of indebtedness from one creditor to another; but whether this opinion be correct or not, the complainant is entitled to recover upon the pleadings, which disclose a valid debt.