## Payne Appeal.

Argued April 17, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*R. Lawrence Coughlin,* for appellants.

*Thomas C. Evans,* with him *Phil H. Lewis,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE HUGHES, June 30, 1944:

On September 9, 1938, the Governor of the Commonwealth of Pennsylvania approved plans for relocation of State Highway Route 40105 as it passes through Luzerne Borough. This highway was located over the veins of coal owned by the petitioners, one of the areas being known as the Atherholt Tract. On May 9, 1941, Frank B. Davenport, the mining engineer of the Department of Highways, notified the mine foreman in charge of mining the coal under this tract, "that we should stop mining in that vicinity, and also a certain distance to keep away from the by-pass; that is, the new road that connected there." The petitioners left in place 35,056 tons of marketable coal which they valued at $17,380.00. The highway was constructed in 1939, and the petitioners proceeded under the provisions of the Act of July 3, 1941, P. L. 259, before the State Mining Commission, to seek an award of damages. The Commonwealth claimed that no coal was taken or required to support the surface, and the State Mining Commission found that no coal was taken, as none was required for the vertical or lateral support of State Highway Route No. 40105, and that the petitioners were not entitled to damages.

The petitioners had prayed the court "under and by virtue of the Act of Assembly of July 3, 1941, P. L. 259, to convene the State Mining Commission and that thereafter said State Mining Commission determine and assess

the damages for coal" taken. Having so commenced their action, they should not now question the authority of the Commission to proceed under the terms of that Act. Sec. 1 of the Act empowers the Commission to determine the coal, if any, to be left in place for the purpose of furnishing vertical and lateral support, as well as what coal may be removed. There was a similar provision in the Act of May 26, 1937, P. L. 891; and in the *Glen Alden Coal Company's Case,* 339 Pa. 149, 14 A. 2d 76, we said: "A reading of this language of the Act shows clearly that the power conferred upon the Commission is that of determining the *coal required for subjacent and adjacent surface support* of State highways, and of authorizing the removal of the coal not so required." So even if the provisions of the Act of 1941, supra, were held not to apply, the Commission having found no coal was taken, they could have reached the same conclusion under the Act of 1937, supra, which was the Act in force at the time the highway was relocated and constructed.

An entry by the State upon the surface is an entry upon the subjacent strata so far as they are necessary to support the surface: *Penn Gas Coal Co. v. Versailles Fuel Gas Co.,* 131 Pa. 522, 19 A. 933. If the Commonwealth does not find it necessary to acquire underlying or adjacent coal for the purpose of support for the highway, then none is taken or required. The State Mining Commission found: "That on September 9th, 1938, the date upon which the plans for the improvement were approved by the Governor, no coal belonging to the petitioners was taken as none was required for the vertical and lateral support of Route No. 40105. . . . Claimants are not entitled to the payment of any damages, none of their coal having been taken, and that the coal in the various veins underlying the tract in question, together with the right to mine and remove the same, is still the property of the claimants." The evidence fully sustained these findings. The findings of fact by the

Commission are binding on appeal when the court, after an independent examination of the record, finds that there is substantial testimony to sustain them: *Lowrie's Appeal,* 338 Pa. 203, 12 A. 2d 582.

The petitioners further complain that Davenport, the mining engineer employed by the Department of Highways, had directed that they discontinue mining in this area, and having done so, and by subsequent operations, this coal having become inaccessible, compensation could not be refused. An examination of the record will show that Davenport's actions related solely to the coal underneath a certain bridge at the intersection of Routes 11 and 40105, and that the tract in question was not within the area designated in his letter to petitioners. Even though Davenport, who acted wholly without authority if he ordered mining to be stopped, made a statement to a representative of the petitioners, upon which the petitioners relied and stopped mining, that could not create a situation which would make the Commonwealth responsible in damages. A person who deals with a government official is bound to know the limitation of that official's authority and cannot invoke the doctrine of estoppel against the governmental body: *Luzerne Township v. Fayette County,* 330 Pa. 247, 199 A. 327.

The petitioners knew that after the appropriation of their property was made for this highway they had no authority to mine this coal until and unless authorized to do so by the State Mining Commission. They should have asked for a determination of their rights and damages before placing themselves in the unfortunate position which they now claim to be theirs. Under the legislation provided, only that coal which is necessary to support the highway right of way is condemned, and the Commission has found no such coal necessary in this instance. Its decision is correct under the facts in this case.

Judgment affirmed.