## Baum v. Hanover Township School District

Before Valentine, P. J., Lewis and Pinola, JJ.

*Joseph L. O'Donnell*, for plaintiff.

*Joseph Mieszkowski*, for defendant.

PINOLA, J., March 20, 1950.—In this case the parties ask for the judgment of the court on the following facts upon which they are agreed:

1. Plaintiff, Charles E. Baum, was for a long time prior to July 1, 1945, and up to June 1, 1948, engaged, under the fictitious name of Baum's Sporting Goods, in the business of selling and dealing in school and club athletic equipment. On or about June 1, 1948, Baum's Sporting Goods, Inc., was organized and by proper assignment succeeded to all the accounts receivable and all other assets of Baum's Sporting Goods, Charles E. Baum, proprietor.

2. Hanover Township School District is a municipal corporation located and conducting its business in Hanover Township, Luzerne County, Pa.

3. On July 1, 1945, and for a long time prior thereto and from thence through the period during which the bills hereinafter mentioned were contracted, there was created by and existing under the authority of the above-entitled Hanover Township School District a

committee or board of control known as Athletic Board of Control of Hanover Township School District, which was composed of all the members of the board of school directors of the above-entitled school district, the supervising principal of the school district, the principal of Memorial High School of the school district, the faculty manager of the high school of the school district, and the four athletic coaches of the school district.

4. The athletic board of control, composed as aforesaid, was vested with authority from the board of school directors of the school district to take charge of, manage and supervise the athletic activities of the high school of the school district, and was vested by the board with full authority to make purchases of supplies and equipment necessary and convenient for the conduct of athletic activities, and to collect and take charge of the moneys arising therefrom.

5. In pursuance of its duties and of the powers and authorities vested in the athletic board of control it entered into 57 separate contracts with Charles E. Baum, doing business as Baum's Sporting Goods, for the purchase of sporting goods and/or athletic equipment for the use of the athletic board of control in conducting the athletic activities of the school district.

6. The contracts for athletic equipment were entered into and the equipment furnished on the following dates for the consideration or prices as follows, namely:

```
July 13, 1945, $25.64, on which there is a balance of $   18.12
August 4, 1945  ...............................   108.23
August 9, 1945  ...............................    15.07
August 23, 1945  ..............................    66.45
August 25, 1945  ..............................     9.61
September 5, 1945  ............................    77.39
September 5, 1945  ............................    33.64
September 18, 1945  ...........................    43.88
September 26, 1945  ...........................   109.17
September 26, 1945  ...........................    42.00
October 4, 1945  ..............................    64.40
October 9, 1945  ..............................     9.45
October 15, 1945  .............................     9.12
```

| | |
|---|---:|
| October 22, 1945 | 41.07 |
| October 24, 1945 | 78.75 |
| October 25, 1945 | 15.95 |
| October 27, 1945 | 18.22 |
| November 27, 1945 | 96.55 |
| December 29, 1945 | 13.35 |
| January 25, 1946 | 46.69 |
| February 5, 1946 | 3.26 |
| February 7, 1946 | 88.20 |
| March 8, 1946 | 161.10 |
| March 12, 1946 | 22.71 |
| March 19, 1946 | 39.89 |
| March 20, 1946 | 84.00 |
| April 1, 1946 | 12.22 |
| April 12, 1946 | 27.60 |
| April 15, 1946 | 50.35 |
| April 16, 1946 | 10.27 |
| April 30, 1946 | 50.70 |
| June 22, 1946 | 47.70 |
| July 15, 1946 | 144.00 |
| July 15, 1946 | 112.50 |
| July 23, 1946 | 25.75 |
| July 30, 1946 | 48.00 |
| July 30, 1946 | 296.00 |
| July 30, 1946 | 30.02 |
| August 5, 1946 | 192.50 |
| August 26, 1946 | 11.01 |
| August 29, 1946 | 143.00 |
| August 31, 1946 | 85.05 |
| September 5, 1946 | 9.17 |
| September 7, 1946 | 62.15 |
| September 26, 1946 | 137.50 |
| September 28, 1946 | 105.30 |
| September 30, 1946 | 19.75 |
| October 5, 1946 | 181.40 |
| October 9, 1946 | 40.79 |
| October 14, 1946 | 75.59 |
| October 22, 1946 | 231.95 |
| October 31, 1946 | 270.00 |
| October 31, 1946 | 115.00 |
| October 31, 1946 | 81.00 |
| January 25, 1947 | 213.00 |
| February 19, 1947 | 219.00 |
| March 27, 1947 | 125.00 |
| Total | $4,489.54 |

7. Attached to plaintiff's case stated are copies of the invoices for the goods sold and delivered in pursuance of the contracts above mentioned.

8. In pursuance of these contracts, there was delivered to the Athletic Board of Control of Hanover Township School District, on the dates mentioned in the exhibits attached to plaintiff's case stated, all of the goods and merchandise mentioned in these exhibits. The athletic board of control accepted the goods and merchandise as delivered and used the same in promoting the athletic activities of the school district.

9. The prices charged for the athletic equipment, merchandise and supplies are in accordance with the contracts made between the Athletic Board of Control of Hanover Township School District and Charles E. Baum, doing business as Baum's Sporting Goods, and that the prices charged for the merchandise are fair and reasonable, and the usual prices charged for this merchandise in this locality.

10. That the whole amount due and owing to Baum's Sporting Goods, Inc., upon the above contracts is the sum of $4,489.54, together with interest on each contract from a period dating 30 days after the date of the contract to the day of the date of the entry of judgment thereon.

11. Plaintiff has demanded payment of said amount and payment has been refused.

12. Plaintiff has demanded the return of the merchandise and the return thereof has been refused.

13. That prior to about March 8, 1949, it was customary for the Athletic Board of Control of Hanover Township School District to retain possession of all of the athletic equipment used in connection with the athletic activities of the Hanover Township School District, and particularly received and retained possession of the goods and athletic equipment purchased as heretofore outlined; and that prior to that date the

athletic board of control received and handled all the moneys received from the gate receipts of the athletic activities of the school district and used the same to pay for the goods, athletic equipment and supplies received and used by the athletic board of control in promoting the athletic activities of the school district.

14. On or about the last-mentioned date, namely March 8, 1949, the Hanover Township School District took possession of all of the funds in the custody of the Athletic Board of Control of Hanover Township School District, and at the same time took possession of all of the property, including the athletic equipment, goods, and supplies purchased, and is enjoying the benefits of same, and has refused and continues to refuse to pay for the goods and supplies or to return said goods.

## Discussion

In spite of certain prior Supreme Court decisions, many school directors, including those of Hanover Township, were uncertain as to their power to purchase and provide athletic equipment for the students until the decision in Hatfield Township School District Auditors' Petition, 161 Pa. Superior Ct. 388. Since that time the question presented here will not arise.

All the members of the school board were members of the athletic board of control and since the present school board has taken possession of all of the equipment, goods and supplies furnished by plaintiff to the athletic board of control and has refused to return the equipment, it is duty bound to pay for the same.

The parties have agreed that the prices charged for the merchandise are fair and reasonable and the usual prices charged for the same in this locality. None of the contracts exceeded the sum of $300 and all of them were ratified by all of the school directors.

We believe that if plaintiff is to recover, however, it cannot be on an implied contract, as the directors took

no action which might create an implied contract. However, they did receive all the merchandise and all the assets of the athletic control board and they have refused to return the merchandise to plaintiff, and it would seem that they should be liable for it.

It is a well-recognized principle of law that where benefits are conferred under a contract which is illegal, nevertheless recovery may be had for the reasonable value of the benefits conferred, because otherwise the recipients of the benefits would be unjustly enriched. This doctrine applies to municipal corporations under more limited circumstances than against individuals.

While there is no contract between plaintiff and defendant, either express or implied, we are of the opinion that recovery can be had on a quantum meruit basis. The fair market value of the goods delivered under the contracts is set forth in the case stated and is the amount which plaintiff should be permitted to recover in this action. The doctrine of quasi-contractual liability on the part of municipal corporations has been frequently recognized in this Commonwealth. See Luzerne Township v. Fayette County, 330 Pa. 247, 254; Snyder v. Borough of Mount Carmel, 33 Mun. 161, 15 Northumb. 261, and a similar case between the same plaintiff and the Mount Carmel Township School District (May term, 1949, No. 333, not yet reported), in which Troutman, J., of Northumberland County, allowed recovery.

We reach the following

### Conclusion of Law

1. The school district is liable for the goods sold and delivered by plaintiff. Since the parties have agreed, interest shall be due only from March 27, 1947.

We enter the following

### Order

And now, to wit, March 20, 1950, it is ordered, adjudged and decreed that judgment be entered in favor

of plaintiff, Charles E. Baum, doing business under the firm name and style of Baum's Sporting Goods, now for the use of Baum's Sporting Goods, Inc., and against Hanover Township School District, defendant, in the sum of $4,489.54, with interest from March 27, 1947, costs to be paid by defendant.