## Pittsburgh International Development Corporation *v.* Liquor Control Board.

Argued February 22, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *Albert B. Miller,* Special Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*J. Craig Kuhn,* with him *Kuhn, Engle and Blair,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 18, 1972:

This is an appeal from an order of the Court of Common Pleas of Allegheny County directing the Liquor Control Board (Board) to consider an application for transfer of a retail dispenser's beer license. The Board refused to transfer the license holding that it ceased to exist after the term of one year safekeeping period with the Board had expired.

The original licensee, Joseph Vogel, obtained the transfer of a restaurant liquor license to his premises

on June 3, 1969 and on the same date surrendered his retail dispenser's beer license to the Board in accordance with Board Regulation 115, Section 115.13. Regulation 115.13 provides: "Surrender of Licenses for Cancellation or Transfer. No individual, partnership, association, or corporation, shall hold more than one retail license of the same type to cover the same establishment. . . . In the event an application for transfer of an existing retail license of a different type to the premises already licensed is approved, the license which is then in effect in the name of the application for that establishment must be surrendered to the Board before the transferred license is actually issued in the applicant's name. In such case, the license which has been surrendered to the Board or any renewal thereof in possession of the Board shall be held available for the benefit of the licensee solely for transfer for a period which shall not exceed one year from the date of surrender. In the event that a transfer of the license is not effected within the said one year period, the license shall automatically be cancelled and there shall be no refund of the license fee or any portion thereof, provided, however, that any transfer application pending at the expiration of the said one year period may be processed to conclusion."

On May 28, 1970, an application was filed with the Board to transfer the retail dispenser's license surrendered by Vogel to Pittsburgh International Development Corporation, the present appellee, for use at 7215 McKnight Road, Ross Township. Because of the inability to obtain a lease at those premises, appellee attempted to amend the transfer application and change the address from 7215 McKnight Road to 4814 McKnight Road.[1] Appellee was told by a Board enforce-

---

[1] This location was in the same township, less than one mile from the original location.

ment officer that it would be advisable for him to withdraw the original application and file a new one.

Appellee did withdraw its application on September 3, 1970 and subsequently submitted a re-application for a transfer of 4814 McKnight Road on December 9, 1970, after having finalized the lease for those premises. The delay between September 3 and December 9 was caused by appellee's decision not to submit the re-application until it was assured that premises would be leased.

Appellee was then notified that the license had been cancelled by the Board on November 9, 1970. At appellee's request, the Board held a hearing and turned down the application by finding, in effect, that no transferable license existed. On appeal, the Court of Common Pleas of Allegheny County remanded the matter to the Board and directed it to consider the December 9, 1970 application as an amendment to the May 28, 1970 application.

We are of the opinion that under these circumstances the decision of the lower court must be affirmed. By doing so, we do not pass upon the validity of the one year period as delineated in Regulation 115, Section 115.13. We simply view this as an amendment of the pending application which may be processed to conclusion as provided in the regulation.

This decision does not defeat the mandate that the Liquor Code be liberally construed in the interest of the public welfare and not in aid of persons seeking the transfer for private gain. *Gismondi Liquor License Case*, 199 Pa. Superior Ct. 619, 186 A. 2d 448 (1962); *Clinton Management, Inc. Liquor License Case*, 188 Pa. Superior Ct. 8, 145 A. 2d 873 (1959). The transfer was not refused because of the potential deleterious effect on public welfare or because of violations of the Liquor Code. The appellee here was prepared to meet all the requirements imposed by the Liquor Code and the

Board's regulations and in such circumstances, were it not for the ambiguity as to timing, the Board would have no discretion in allowing the transfer. *Pittaulis Liquor License Case,* 444 Pa. 243, 282 A. 2d 388 (1971). We are not unmindful of the economic benefits accruing to the public for the State derives the fees attendant to the transfer as well as the taxes incident to such an operation.

. We also recognize the equities peculiar to this factual setting. The appellee here had made good faith and diligent attempts to complete the transfer. It had, indeed, done all in its power to prevent the cancellation by time lapse when it attempted to amend its then pending application for transfer by changing the address.[2] Good faith and diligence are indeed rare and are to be encouraged by the Liquor Control Board in the transfer of licenses.

The order of the lower court is affirmed.

————

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. Here we are called upon to apply clear language of the Pennsylvania Liquor Control Board's Regulation 115, section 115.13, to a fact situation which understandably invites a relaxation of the regulation to achieve a desired result.

The pertinent part of Regulation 115 reads as follows: "In such case, the license which has been sur-

———

[2] It should be noted that although this decision does not rest solely on the fact that the Board official advised withdrawal of the application, there are distinctions between this case and the principle of constructive knowledge of the limits of an official's authority. *Payne's Appeal,* 350 Pa. 22, 38 A. 2d 26 (1944) ; *Luzerne Township v. Fayette County,* 330 Pa. 247, 199 A. 327 (1938). In those cases which involved actions for damages, an award would force the State to pay out funds. In this situation, completion of the transfer results in benefits to the State.

rendered to the Board or any renewal thereof in possession of the Board shall be held available for the benefit of the licensee solely for transfer for a period which *shall not exceed one year* from the date of surrender. In the event that a transfer of the license *is not effected within the said one year period,* the license shall automatically *be cancelled* and there shall be no refund of the license fee or any portion thereof, *provided,* however, that any transfer application *pending* at the expiration of the said one year period may be processed to conclusion." (Emphasis supplied.)

Here it is admitted by appellee that, on November 9, 1970, when the one-year period from the date of surrender of the license ended, (1) a transfer of the license had not been effected; (2) there was no transfer application pending since it had withdrawn its application on September 3, 1970 and did not submit a reapplication for transfer until December 9, 1970.

The Court of Common Pleas of Allegheny County and the majority are of the view that the Pennsylvania Liquor Control Board should consider the December 9, 1970 application as an amendment to the May 28, 1970 application which appellee withdrew on September 3, 1970. The majority states that "[t]he delay between September 3 and December 9 was caused by appellee's decision not to submit the re-application until it was assured that premises would be leased" and that ". . . under these circumstances the decision of the lower court must be affirmed." I fail to comprehend any extenuating circumstances which would support such a conclusion. As the majority points out, "[t]he delay . . . was caused by appellee's decision. . . ." Contrary to the majority, I view appellee's attempts to complete the transfer anything but diligent.

Further, it is my view that appellee's application of December 9, 1970 was a new one and not considered by

appellee to be an amendment to the May 28, 1970 application which had been withdrawn. The concept of the application of December 9 being an amendment originated with the court below. I fail to understand how amending a withdrawn application can reinstate the application to a pending status as of a date prior to the amendment.

The bar of a friendly tavern is the ideal place to allow time to slowly slip away but in this case the bar of justice should not be expected to turn back the clock to recapture the time that appellee has squandered.

President Judge BOWMAN joins in this dissent.