## In Re Appeal of Loyal Order Moose Lodge

*David Shotel,* for Pa. Liquor Control Board.
*Francis P. O'Hara,* for licensee.

SMILLIE, *J.,* May 22, 1981—Petitioner has appealed from the order dismissing its appeal from a Pennsylvania Liquor Control Board decision revok-

ing its liquor license for failure to reactivate its Club Liquor License within two years of when it was surrendered to the Pennsylvania Liquor Control Board to be held for its benefit.

Appellant surrendered its license to the board for safekeeping on January 19, 1978 because of the lack of club quarters at that time. In such case, section 474 of the Liquor Code, 47 P.S. §4-474 applies and it provides as follows:

"Whenever a club license has been returned to the board for the benefit of the licensee due to the licensed establishment not having been in operation for any reason whatsoever for a period of time not exceeding fifteen days, the license shall be held by the board for the benefit of the licensee for a period of time not exceeding one year, or, upon proper application to the board, for an additional year, *and the license shall be revoked at the termination of the period,* and transfer of the license shall not be permitted after the termination of the period." (Emphasis supplied.)

Thus, section 474 of the Liquor Code imposes a two-year limitation on the escrow status of club licenses, and the mere passage of the two year time period subjects the license to revocation. Appeal of Nesquehoning Legion Home Association, 26 Pa. Commonwealth Court 126, 362 A. 2d 1111 (1976); Liquor Control Board v. Northwest Athletic Association, 8 Commonwealth Ct. 114, 301 A. 2d 711 (1973).

The initial one-year period of safekeeping by the board expired on January 19, 1979. Upon proper application, the period of safekeeping was prolonged for an additional year to January 19, 1980.

Appellant failed to resume the operation of its establishment or otherwise activate the use of its liquor license prior to January 19, 1980, at which time the mandatory terms of section 474 of the Liquor Code provided that "the license shall be revoked."

Confusion in the instant case arises because appellant's liquor license was annually renewed for successive license years running each year from February 1 to the following January 31. The club surrendered its license pursuant to section 474 of the Liquor Code on January 19, 1978 and the actual license was renewed on January 30, 1978 with the request that the period of safekeeping be continued. The license was once more renewed to January 31, 1980, the date on which the normal license year of appellant would expire, and the period of safekeeping was again requested to be continued. Said period of safekeeping, however, was only extended to January 19, 1980 as the Liquor Code provides for only one additional year of safekeeping. The annual renewal of appellant's liquor license did not override the clear provisions of the statute, 47 P.S. §4-474. Appeal of Nesquehoning Legion Home Association, supra; Liquor Control Board v. Northwest Athletic Association, supra.

Appellant contends that it was led to believe that the period of safekeeping would be extended to January 31, 1980, the date on which the normal license year would expire. In support thereof, it points to a letter dated December 13, 1978.

Although poorly drafted, the letter does not furnish appellant with an excuse. Section 474 of the Liquor Code was specifically quoted in the letter, yet in its license renewal request for the year be-

ginning February 1, 1980, appellant asked that the license be continued in safekeeping, which under either parties' interpretation was beyond the two-year limitation on the escrow status of the club license.

Upon careful review, we find that there was sufficient evidence to make the necessary factual findings to conclude that the revocation of appellant's license was proper under section 474 of the Liquor Code, 47 P.S. §4-474.

Appellant's final contention that the judge erred in ignoring the testimony presented before the hearing examiner is without merit.

In an appeal from an order of the Liquor Control Board, the court hears the case de novo, makes its own findings of fact and conclusions of law and then, in the exercise of its own discretion, determines whether the alleged violation(s) are established by a preponderance of the evidence and either sustains, reverses or modifies the action taken by the board, 47 P.S. §4-471; Com. Liquor Control Board v. Latrobe Armed Services Association, 16 Pa. Commonwealth Ct. 199, 329 A. 2d 549, (1974). The court is in no way limited to merely reviewing the board's discretion but rather makes a completely independent determination of the facts of the case in rendering its own decision.

In the case at bar, neither party offered the testimony before the hearing examiner into evidence, and therefore it was properly not considered.

From the findings of fact outlined above, it is clear that appellant failed to resume the operation of its establishment or otherwise activate the use of its liquor license prior to the expiration of the additional year of safekeeping on January 19, 1980. Accordingly, there is a clear basis of support for the license revocation pursuant to the mandatory pro-

visions of section 474 of the Liquor Code, and the board's action was properly affirmed.