Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* United Lodges Order Italian Sons & Daughters of America, Appellee.

Argued November 16, 1981, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*David Shotel*, Counsel, with him *James J. Fitzgerald, III*, Chief Counsel, for appellant.

*Samuel F. Pepper, Pepper, Winderman & Gordon*, for appellee.

OPINION BY JUDGE ROGERS, December 15, 1981:

The United Lodges Order Italian Sons & Daughters of America which had club facilities at 723-727 E. Chelten Avenue, Philadelphia surrendered its club liquor license to be held for its own benefit to the Pennsylvania Liquor Control Board on July 19, 1977. It thereafter applied for and was granted an additional year for Board custody of its license. Within two years from July 19, 1977 United Lodges applied to the Board to reactivate the license for premises located at 4804 Market Street. United Lodges was unable to negotiate the lease for 4804 Market Street, withdrew the application, and filed an application for premises located at 1001 Chestnut Street. Again, United Lodges failed to obtain a lease. On August 20, 1979, two years and a month after surrendering its license, United Lodges applied for what it variously refers to as the "renewal" or "reactivation" of its license for use at its original address, 723-727 E. Chelten Avenue. The Board refused the application pursuant to Section 474 of the Liquor Code, which provides:

> Surrender of club liquor licenses for benefit of licensee. Whenever a club license has been returned to the Board for the benefit of the licensee due to the licensed establishment not having been in operation for any reason whatsoever for a period of time exceeding fifteen

days, the license shall be held by the Board for the benefit of the licensee for a period of time not exceeding one year, or, upon proper application to the Board for an additional year, and the license shall be revoked at the termination of the period and transfer of the license shall not be permitted after the termination of the period.[1]

United Lodges requested and was granted an administrative hearing but the Board persisted in its decision not to renew. United Lodges appealed to the Court of Common Pleas of Philadelphia County, which sustained the appeal and reversed the Board's refusal to renew the club liquor license. The Board now appeals this order to this court. We reverse.

We have written of Section 474 that it "impose[s] a two year limitation on the escrow status of club licenses. The mere passage of the two year time period subjects the license to revocation," *Pennsylvania Liquor Control Board v. Northwest Athletic Association*, 8 Pa. Commonwealth Ct. 114, 116, 301 A.2d 711, 712 (1973), and that the "revocation of a liquor license under this provision is mandatory and not subject to the discretion of the Board." *Appeal of Nesquehoning Legion Home Association*, 26 Pa. Commonwealth Ct. 126, 128-129, 362 A.2d 1111, 1113 (1976).

*Pennsylvania Liquor Control Board v. Pittsburgh International Development Corporation*, 5 Pa. Commonwealth Ct. 393, 290 A.2d 855 (1972), upon which United Lodges relies, is clearly distinguishable. This case involved a beer dispenser's license subject, not to Section 474, but to a Board regulation providing that if a license surrendered to the Board is not transferred within one year, it should be cancelled. A licensee surrendered his license and within a year filed an appli-

---

[1] Act of April 21, 1951, P.L. 90, *as amended*, 47 P.S. §4-474.

cation to transfer it to the appellee, Pittsburgh International Development Corporation (PIDC), for use at 7215 McKnight Road. PIDC could not obtain a lease for 7215 McKnight Road and sought to amend the transfer application to 4814 McKnight Road. A Board enforcement officer told the PIDC that rather than amend, it should withdraw the transfer application and file a new one. By the time a lease was obtained and the new transfer application was made the year had expired. The Board refused the new transfer application. On appeal the common pleas court remanded the matter to the Board with direction that it consider the late filed application for transfer as an amendment to the timely filed application for transfer. On appeal we recognized "the equities peculiar to this factual setting," including the unhelpful intervention and advice of the enforcement officer. Further, in the *Pittsburgh International Development Corporation* case, the application for transfer to a new owner at a new location was never abandoned; it was sought to be amended and was withdrawn on advice of a Board agent. Here the appellee abandoned applications for reactivation after twice failing to obtain leases at new locations and finally more than two years and a month after surrendering its license asked that it be renewed at the original location. The Board was powerless to grant this application because the statute said that the license was then revoked.

Order reversed; the order of the Pennsylvania Liquor Control Board dated June 27, 1980 is reinstated.

#### Order

And Now, this 15th day of December, 1981, the order of the Court of Common Pleas of Philadelphia County made September 16, 1980 is reversed and the order of the Pennsylvania Liquor Control Board dated June 27, 1980 is reinstated.