Rustrum Realty, Incorporated, Petitioner *v.* Commonwealth of Pennsylvania, Department of Property and Supplies and Department of Environmental Resources, Respondents.

Argued March 3, 1978, before President Judge BOWMAN and Judges ROGERS and DISALLE, sitting as a panel of three.

*Edgar R. Casper*, with him *Krank, Gross & Casper*, for petitioner.

*C. Glendon Frank*, Assistant Attorney General, with him *Patricia A. Donovan*, Deputy Attorney General and Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 20, 1978:

Rustrum Realty, Incorporated (Rustrum) has filed a petition for review of judgments entered against it by the Board of Arbitration of Claims. Rustrum had sued the Commonwealth for damages for breach of an asserted contract of lease.

Rustrum owned a building in Dauphin County near Harrisburg. In August 1972, Rustrum and the Bureau of Realty of the then Department of Property

and Supplies (DPS)[1] engaged in discussions of the prospect of the Commonwealth's leasing Rustrum's building for use by the Department of Environmental Resources. DPS sent Rustrum copies of a proposed lease for the latter's approval. The form of lease included the following accommodations for execution by Commonwealth officers:

Commonwealth of Pennsylvania
Acting through
Department of Property and Supplies
By: —————————————————

Deputy Secretary of Property
and Supplies
Lessee

Approved as to form and
manner of Execution
DEPARTMENT OF JUSTICE
By ————————————————

Deputy Attorney General

APPROVED:
BOARD OF COMMISSIONERS OF PUBLIC
GROUNDS AND BUILDINGS
————————————————— (Seal)

Governor
————————————————— (Seal)[2]

Auditor General

---

[1] Sections 19 and 22 of the Act of 1975, P.L. 75, No. 45, effective in 90 days, transferred to the Department of General Services all of the functions, powers and duties of the Department of Property and Supplies.

[2] We are advised by counsel for DPS that the Auditor General is no longer a signatory to contracts of this nature. Section 446 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §156, states that the Board of Commissioners of Public Grounds and Buildings shall consist of the Governor, the Auditor General and the State Treasurer. Section 156 has not been

No signatures were subscribed on the form sent to Rustrum.

Under the terms of the form of lease Rustrum was required to make alterations and modifications to the building to meet the special needs of DER. The form of lease also provided that the building should be ready for occupancy by January 1, 1973. Rustrum executed the lease on September 22, 1972 and returned it to DPS. Rustrum engaged an architect and an engineer who prepared plans and estimated the cost of the modifications that would have to be made to the building. As it happened, the lease was never executed by the Commonwealth and DER never occupied the building.

On August 20, 1973, Rustrum filed a claim with the Board of Arbitration of Claims for damages in the amount of $16,198.64. Of this figure, $6,240.00 represented architectural and engineering fees allegedly incurred by Rustrum and $9,958.64 for alleged loss of rental income. After hearing, the Board gave judgment for the Commonwealth on the ground that Rustrum never had a binding contract with the Commonwealth.

Section 2402(d) of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §632(d), provides that:

The Department of Property and Supplies shall have the power, and its duty shall be:

. . . .

amended to exclude the Auditor General but by virtue of 1971 amendments to Section 402 of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §402, the Auditor General is obligated to make audits and transactions entered into by every department of the executive branch. Counsel for DPS informs us that to avoid any possible conflict of interest in his duties, the Auditor General no longer signs contracts entered into by DPS under Section 2402(d) of the Code.

(d) To contract *in writing* for and rent proper and adequate offices, rooms, or other accommodations, outside of the Capitol buildings, for any department, board, or commission, which cannot be properly and adequately accommodated with offices, rooms, and accommodations in the Capitol buildings; and, in all cases in which the head of a department for such department or for a departmental administrative board or commission within such department, or an independent administrative board or commission, with the approval of the Executive Board, has established or is about to establish a branch office in any city or place outside of the capital city, with the approval of the Board of Commissioners of Public Grounds and Buildings, to contract in writing for and rent such offices, rooms, and other accommodations, as shall be proper and adequate for such department, board, or commission. . . . It shall be unlawful for any other department, board, commission, or agency of the State Government to enter into any leases. . . . (Emphasis added.)

Section 206 of the Code, 71 P.S. §66, states that:

Each administrative department shall have as its head an officer who shall, either personally, by deputy, or by the duly authorized agent or employe of the department and subject at all times to the provisions of this act, exercise the powers and perform the duties by law vested in and imposed upon the department.

The following officers shall be the heads of the administrative department following their respective titles:

. . . .

Secretary of Property and Supplies, of the Department of Property and Supplies.

Section 2402(d) of the Code empowers DPS to enter into leases on behalf of other State agencies for properties outside of the Capitol complex. Section 206 of the Code authorizes the Secretary of DPS, his deputy or representative to exercise this power. Section 2402 (d) further requires that any lease entered into by the Secretary of DPS, his deputy or representative must be in writing and must be approved by the officials and agencies named therein.

Rustrum claims that the Director of the Bureau of Realty of DPS assured Rustrum's president that Rustrum had an agreement with the Commonwealth and that the signing of the lease was a mere formality. Rustrum says that these representations, which were denied by the Director of the Bureau, created a "parol lease" binding the Commonwealth. We disagree.

It is clear law that:

[W]here a statute provides that a contract by a governmental agency shall be executed in a particular manner, then in order to constitute a binding contract upon that agency, the method prescribed by the Statute must be pursued. . . . (Citations omitted.)

*Commonwealth v. Seagram Distillers Corp.*, 379 Pa. 411, 416-17, 109 A.2d 184, 187-88 (1954). *See also Luzerne Township v. Fayette County*, 330 Pa. 247, 199 A. 327 (1938).

Furthermore, assuming that the Director of the Bureau of Realty of the Department of Property and Supplies made the representations alleged by Rustrum, the record discloses that this officer was not authorized to act in this regard for the Secretary of DPS or the other authorities whose approval of a lease by the Commonwealth was required by Section 2402 (d). "A person who deals with a government official is bound to know the limitations of that official's au-

thority and to govern himself accordingly." *Luzerne Township v. Fayette County, supra,* 330 Pa. at 252, 199 A. at 330; *Department of Public Welfare v. Harambee, Inc.,* 21 Pa. Commonwealth Ct. 430, 346 A.2d 594 (1975).

Accordingly, we enter the following

ORDER

AND Now, this 20th day of April, 1978, it is ordered that the decision of the Board of Arbitration of Claims be and is hereby affirmed, and the petition for Review of Rustrum Realty, Incorporated be and is hereby denied.