Carriage Tours, Inc., a Pennsylvania Corporation, Anthony Wayne Drive, Devon, Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Valley Forge Park Commission, Harrisburg, Pennsylvania, Respondent.

376

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Harvey Porter,* with him *Ira J. Pressman,* and *Cohen, Verlin, Sherzer & Porter,* for appellant.

*Patricia M. Jasper,* Deputy Attorney General, with her *J. Justin Blewitt, Jr.,* Deputy Attorney General, Chief, Civil Litigation, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE DiSALLE, September 1, 1978:

This is a petition for review of an order of the Board of Arbitration of Claims (Board) which dismissed a complaint filed by Carriage Tours, Inc.

(Tours) against the Commonwealth of Pennsylvania, Valley Forge Park Commission, for breach of an alleged oral contract. The complaint filed by Tours claimed that as a result of discussions with the Superintendent of Valley Forge State Park and the Chairwoman of the Valley Forge Park Commission, an oral agreement was reached between Tours, the Superintendent and the Chairwoman on February 16, 1976, permitting Tours to conduct horse-drawn carriage tours in Valley Forge State Park (Park). On or about June 4, 1976, on application by Tours, the Pennsylvania Public Utility Commission (PUC) issued the appropriate authority for Tours to commence its operation. Tours began the service, but after experiencing difficulties it was ordered by the Executive Director of the Pennsylvania Historical Commission to discontinue the operation on July 9, 1976. Immediately thereafter, Tours instituted this action in assumpsit, claiming damages for out of pocket expenses and for loss of profit.

The Attorney General, on behalf of the Valley Forge Park Commission, filed preliminary objections to Tours' complaint. After the filing of briefs by both parties, the Board sustained the Commonwealth's preliminary objections in the nature of a demurrer and dismissed Tours' complaint for failure to state a cause of action. A timely appeal by Tours to this Court followed.

It is well established that preliminary objections in the nature of a demurrer to a complaint admit every well pleaded material fact and should be sustained only where it appears with certainty, upon the facts averred, that the law will not allow the plaintiff to recover. *International Union of Operating Engineers v. Linesville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974).

Tours' complaint sets forth the services which were to be provided under the oral agreement. Tours was to:

(a) operate carriage tours through the park;

(b) use vehicles with a minimum combined seating capacity of 50 to 60 persons;

(c) maintain and care for vehicles, horses and costumes;

(d) ultimately establish 3 routes of travel;

(e) establish a sales counter at point of departure and operate the tour service at hours commensurate with passenger demand;

(f) train drivers;

(g) obtain the necessary PUC authority to operate the tours;

(h) maintain reasonable standards of service.

Based upon these allegations, the Board concluded that the service to be provided by Tours was a means of travel or transportation under Section 3 of the Act of March 30, 1911, P.L. 28, *as amended,* 32 P.S. §1051, specifically relating to "Valley Forge Park." Section 3, 32 P.S. §1051, provides:

The said commissioners are hereby authorized, in behalf of and in the name of the Commonwealth, to consent to the location, relocation, construction, reconstruction, widening, narrowing, elevating, depressing, grading, ornamenting or improving of any street railway, electric railway, elevated railway, subway, tunnel, railroad, or other means of travel or transportation, within the limits of Valley Forge Park, upon said terms and conditions as the said commissioners may impose for the advantage of the said park, *with the approval of the Governor.* (Emphasis added.)

The Board found that since this section was controlling and since it was not alleged that the Governor had approved the oral agreement, it was, therefore, unenforceable.

We cannot say that the Board abused its discretion in interpreting and applying the quoted section to the well pleaded and material facts averred in Tours' complaint. In so concluding, we recognize that the law pertaining to public contracts may seem harsh and inequitable. However, a person who deals with a government official is bound to know the limitations of that official's authority and to govern himself accordingly. *Rustrum Realty, Inc. v. Department of Property and Supplies*, 35 Pa. Commonwealth Ct. 62, 384 A.2d 1043 (1978); *Department of Public Welfare v. Harambee, Inc.*, 21 Pa. Commonwealth Ct. 430, 346 A.2d 594 (1975).

Tours contends that the Board erred in refusing to grant it an opportunity to amend its complaint, by incorporating certain testimony given at the PUC hearing. Tours claims this would show that the service it operated was not a mode of travel or means of transportation and, therefore, not within the purview of Section 3, 32 P.S. §1051.[1] However, Tours failed to request leave to so amend its complaint under Pa. R.C.P. No. 1033, and did not amend as of right under Pa.R.C.P. No. 1028(c). But beyond this, we are not at all convinced that permitting this amendment would infuse the complaint with the substance necessary to establish a cause of action. It is clear from Tours' own allegations that it contemplated that its service would

---

[1] Specifically, Tours states in its brief that the Vice-Chairman of the Montgomery County Bicentennial Commission testified at the PUC hearing that the service rendered by Tours was not a mode or method of transportation. We think that the Board's decision to dismiss the complaint without leave to amend was clearly proper.

be a "means of travel or transportation" within the Park. Furthermore, its action in applying for PUC approval belies its argument that its service was not within the purview of Section 3 of the Act. *See Troiani Brothers, Inc. v. Pennsylvania Public Utility Commission*, 36 Pa. Commonwealth Ct. 179, 387 A.2d 980 (1978).

Under these circumstances the Board clearly did not err. In light of the above we do not reach the remaining arguments advanced by Tours. Accordingly, we affirm.

### ORDER

AND Now, this 1st day of September, 1978, the order of the Board of Arbitration of Claims dated March 25, 1977, is hereby affirmed.