## Maljan v. Metropolitan Edison Co.

*John J. Murphy,* for plaintiff.
*W. Edwin Ogden,* for defendant.

ESHELMAN, *P.J.,* November 30, 1978—The preliminary objections of defendant in the nature of a demurrer are before this court for consideration. To sustain a demurrer it is necessary that plaintiff's amended complaint indicate on its face that the

claim cannot be sustained and that the law will not permit recovery: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976); Carriage Tours, Inc. v. Valley Forge Park Commission, 37 Pa. Commonwealth Ct. 375, 390 A. 2d 902 (1978). If there is any doubt, this should be resolved in favor of overruling the demurrer: Gekas v. Shapp, supra.

Plaintiff's amended complaint alleges that the parties by written contract of October 18, 1977, agreed that plaintiff would photograph certain parts of defendant's Three Mile Island Nuclear Generating Station in Londonderry Township, Dauphin County, Pa. Article 2B of the contract states: "It is anticipated, but not guaranteed, that approximately 2,500 different photographs will be required." Pursuant thereto plaintiff took 393 photographs from October 17 to October 23, 1977, delivered 393 sets (two 8 x 10″ color photographic prints and one 35 mm. color slide of each scene photographed) to defendant on or about November 29, 1977, for which plaintiff was paid $4,083.27.

Article 4C of the contract states: "In the event OWNER (defendant in this action) terminates this contract for its own convenience, (PHOTOG-RAPHER-plaintiff) shall be reimbursed for all acceptable photographs taken to the time of termination as PHOTOGRAPHER'S sole and exclusive remedy." By defendant's letter of November 1, 1977, plaintiff was advised that defendant was "terminating this contract for convenience effective as of this date."

Plaintiff's amended complaint alleges that "defendant terminated the contract in order to subsequently hire another photographer to complete the photographic assignment, and not for the con-

venience of defendant. . . ." Defendant argues that the contract provision "for its own convenience" means at a time and for reasons convenient to defendant, whatever the reasons may be.

In ruling on the demurrer, it is necessary to ascribe a meaning to the term "convenience" as used in this contract. Unless a different intention is manifested, language used in a contract must be given its plain and ordinary meaning: Pines Plaza Bowling, Inc. v. Rossview, Inc., 394 Pa. 124, 145 A. 2d 672 (1958); Bobali Corporation v. Tamapa Company, 235 Pa. Superior Ct. 1, 340 A. 2d 485 (1975); Restatement, Contracts, §235 (1932).

Webster's Third New International Dictionary, Unabridged (1970), defines "convenience" in the following manner: ". . . fitness or suitability for performing some action or fulfilling some requirement . . . a favorable or advantageous condition, state or circumstance . . . something that provides comfort or advantage . . . a convenient condition or time . . . freedom from difficulty, discomfort, or trouble. . . ."

Analyzing this definition in terms of the contract between the parties, "termination for its own convenience" means more than termination for any reason whatsoever or at defendant's will or pleasure. See Atchison, T. & S. F. Ry. Co. v. Judson F. Forwarding Co., 49 F. Supp. 789 (S.D. Calif. 1943). For there to be a proper termination of the contract the termination must provide defendant with a favorable condition or advantage or freedom from difficulty. Having averred that defendant's subsequent hiring of another photographer was not for convenience, i.e., not to defendant's advantage, plaintiff has stated a sufficient claim for relief.

As a further basis for sustaining the demurrer, defendant argues that plaintiff's measure of damages is incorrect in that the contract specifically declined to guarantee that 2,500 photographs would be required. However, "[p]reliminary objections in the nature of a demurrer are an inappropriate means by which to challenge the legality of the damages sought in a complaint:" Hudock v. Donegal Mutual Insurance Company, 438 Pa. 272, 277, note 2, 264 A. 2d 668, 671, note 2 (1970); 2 Goodrich-Amram 2d §1017(b).

Since it is not clear and certain that the law will prohibit a recovery on plaintiff's claim, defendant's demurrer must be overruled.

## ORDER

And now, November 30, 1978, defendant's preliminary objections in the nature of a demurrer to plaintiff's amended complaint are dismissed, and defendant is allowed 30 days to file an answer to plaintiff's complaint.