530 A.2d 1018

Roger Vona, Appellant *v*. Redevelopment Authority of Delaware County, Appellee.

Argued June 9, 1987, before President Judge CRUM-LISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Gregory G. Stagliano, Eckell, Sparks, Levy, Auerbach & Monte,* for appellant.

*John T. Salvucci, Fronefield & deFuria,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 4, 1987:

Roger Vona appeals a Delaware County Common Pleas Court order granting summary judgment for the Redevelopment Authority of Delaware County (Authority) and dismissing his complaint with prejudice. Vona filed a complaint against the Authority seeking reinstatement to its list of approved contractors. His name had been removed from the list following a dispute over

his job performance on the home of one of his customers. We affirm the trial court.

Vona and Karen Leggett executed a home renovation contract which was embodied in a form provided by the Authority. The Authority held the money in escrow pending satisfactory completion of the job.[1] Pursuant to Leggett's complaints, the Authority conducted an inspection and concluded that Vona had failed to complete the work in a timely and workmanlike manner.[2] Thereafter, Vona sought to have the dispute resolved through arbitration as provided in the contract.[3] Based

---

[1] The contract provided that funds made available by the Housing and Community Development Act of 1974 were allocated by the Authority which was then to act as escrowee only.

[2] Our review of the record indicates that Vona's workmanship on the Leggett contract was substandard. A letter written by Leggett in November 1982 indicated numerous problems: a screen installed on the back door had been improperly installed; the burners on the stove had been removed and left uninstalled for one week; a trap door was removed, leaving her unable to lock the cellar entrance for one week; replacement windows were improperly installed; painting work was inadequate and sloppy; debris was not removed; complaints of incompetent management and even harassment were also made. A "punch list" prepared by the Authority revealed several other problems.

[3] The arbitration clause contained in the original contract reads as follows:

11. Should any dispute arise respecting the true construction meaning or drawings of the specifications, or should any dispute arise respecting the true value of the extra work or of the work omitted, or improper workmanship or materials or of any loss sustained by the owner and if the manner of its estimation is not herein otherwise provided for same shall be determined in the following manner: Both parties will share equally the cost of arbitration. Each of the parties shall select one arbitrator and the two arbitrators shall select a third, and the decision of the majority shall be final, conclusive, and binding upon the parties hereto. In the event of a dispute, each party shall des-

on Leggett's failure to cooperate in the arbitration process, she was ordered in contempt and was held to have waived her rights to voice her grievance. The Authority was ordered to release the full contract price.

However, the Authority persisted in refusing to release the funds and further informed Vona that his name was being removed from the "bid list." An agreement was subsequently reached, however, between counsel for both Vona and the Authority, in which Vona would complete certain repairs and modifications on Leggett's home in return for release of the full contract price and reinstatement to the "bid list." Vona did the work in question and was paid the full contract price, but the Authority did not reinstate him to the list.

Our scope of review of the grant of a motion for summary judgment is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Miller v. Emelson,* 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987). Rule 1035 of the Pennsylvania Rules of Civil Procedure provides for the entry of summary judgment where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. No. 1035(b). Summary judgment should be granted only in cases where the right is clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986). The burden of demonstrating a right to summary judgment is on the moving party and

---

ignate his arbitrator within five (5) days thereof in writing or he shall be deemed to be in default. In the event that the two arbitrators are unable to agree upon a third arbitrator, then the application of either party is submitted to the President Judge of Delaware County, the said Judge to appoint the third arbitrator. The decision of the arbitrators shall be final and conclusive.

the record must be examined in the light most favorable to the non-moving party. *Id.*

Vona contends initially that the trial court erred as a matter of law by holding that he had a pre-existing duty to "complete" the Leggett contract at the time he made the additional repairs and modifications. We agree.

On September 26, 1983, the Honorable JOSEPH T. LABRUM, who would also enter the order here in question, entered a contempt order holding that Leggett had waived her rights under the contract and directing the Authority to release the full contract price. We hold that Vona's obligations under the original Leggett contract were then extinguished. At that time, Vona had a clear legal right to the contested funds without further performance.

Vona further contends that the Authority thereafter breached a valid oral contract, which terms were embodied in a letter from the Authority, to reinstate him to the bid list. Vona asserts that his additional work on the Leggett house provided fresh consideration for the Authority's promise of reinstatement.

The Authority does not deny that an offer of reinstatement was made but contends instead that the attorney who authored the letter was not actually or impliedly authorized to make such an offer on its behalf.

Although we acknowledge some inequity of result, we are constrained to agree with the Authority that its counsel lacked proper authorization to enter into this agreement. In *Commonwealth v. Seagram Distillers Corp.*, 379 Pa. 411, 416-17, 109 A.2d 184, 187 (1954), our Supreme Court held that

> where a statute provides that a contract by a governmental agency shall be executed in a particular manner, then in order to constitute a binding contract upon that agency, the method prescribed by statute must be pursued. . . .

In that case, Seagram sought to enforce an oral agreement made with the Director of Operations of the Pennsylvania Liquor Control Board whereby it was agreed that the Board would pay for certain deliveries. The Supreme Court found that the Director had acted in contravention of a statutory rule requiring at least two members of the Board to approve any action of the Board and thereby held the oral agreement invalid. The Court stated that:

> It was incumbent upon the representatives of Seagram to ascertain the extent of the authority of the Director of Operations to bind the Board by any oral agreement. That oral agreement, in our judgment, must be considered as having been made without statutory authority and is therefore of no effect.

*Id.* at 417, 109 A.2d at 188.

In this instance, Section 9 of the Urban Redevelopment Law[4] empowers an Authority to make and execute contracts necessary or convenient to the exercise of its powers; however, for a contract to be valid it must be signed by the chairman or vice-chairman of the Authority and by the secretary or assistant secretary. Therefore, in this instance, counsel for the Authority lacked authority to enter into the disputed agreement. Vona acted at his peril when he performed the additional work without knowledge of counsel's authority. *See Rustrum Real-*

---

[4] Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1709(t), provides in relevant part that

> any contract or instrument when signed by the chairman or vice-chairman of the Authority, or by an authorized use of their facsimile signatures, and by the secretary or assistant secretary, òr, treasurer or assistant treasurer of the Authority, or by an authorized use of their facsimile signatures, shall be held to have been properly executed for and on its behalf.

*ty, Inc. v. Department of Property and Supplies,* 35 Pa. Commonwealth Ct. 62, 384 A.2d 1043 (1978).

Vona further challenges the constitutionality of the Authority's exclusion of his name from the bid list. We agree with the learned trial judge, however, that Vona was not deprived of his fundamental right to earn a livelihood. *See generally, Board of Regents v. Roth,* 408 U.S. 564 (1972). Absent a contractual obligation, the Authority permissibly acted within its discretion to exclude Vona's name from the bid list based on the evidence of his untimely and unworkmanlike efforts.

Accordingly, we affirm the decision of the common pleas court.

ORDER

The order of the Delaware County Common Pleas Court, No. 85-1726 dated June 18, 1986, is affirmed.